**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   JURY DEMANDED<br>)<br>) |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff respectfully requests that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), this Court certify this Telephone Consumer Protection Act case as a class action for the following class of similarly situated persons:

> All persons with Illinois, Indiana and Wisconsin telephone numbers who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant obtained the phone number called through skip tracing and not from the called party, where any call was made between and including a date four years prior to the filing of this action.

Plaintiff further requests that the Court appoint plaintiff Nicholas Martin as the class representative, and Burke Law Offices, LLC as class counsel.

In further support of this motion, plaintiff states:

1. Leading Edge Recovery Solutions, LLC, ("Leading Edge") is a debt collection agency located in Chicago, Illinois, that uses an "Aspect" predictive dialing system to make telephone calls. <u>Exhibit A</u>.

2. The TCPA, 47 U.S.C. §227(b) prohibits any person, including debt collection agencies, from calling cell phones using autodialers and/or prerecorded messages; so-called

"robocalls." *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270 (N.D.Ill. May 5, 2010) (Zagel, J.). Any telephone system that has the capacity to dial numbers without human intervention is a "predictive dialer" and is regulated by the Act.

3. The TCPA is a strict liability statute, and there is no "bona fide error" defense available, *CE Design Ltd. v. King Architectural Metals, Inc.*, __ F.3d__, 2011 WL 938900, at * 1 (7th Cir. March 18, 2011); *Hicks v. Client Services, Inc.*, 2009 WL 2365637 (S.D.Fla. June 9, 2009) (summary judgment entered in favor of plaintiff); *Powell v. West Asset Management, Inc.*, 1:10-cv-7852, 2011 WL 1126040 (N.D.Ill. March 24, 2011) (striking "mitigation of damages" affirmative defense).

4. Numerous TCPA class actions have been certified. Two such certifications, *Balbarin v. North Star Capital Acquisition*, LLC, 2010 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), and *Mitchem v. Illinois Collection Service*, 2009 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D. Ill. Jan. 3, 2011) were §227(b) autodialer/prerecorded message cases against debt collection agencies, and are analogous to this case.

5. So-called "junk fax" TCPA cases, which are regularly certified in this District, are also analogous to this one. The Seventh Circuit recently refused to reverse Judge Bucklo's certification of a TCPA "junk fax" case on any ground other than the adequacy of the questionably truthful class representative in *CE Design Ltd. v. King Architectural Metals, Inc.*, __ F.3d__, 2011 WL 938900 (7th Cir. March 18, 2011). While the District Judge was instructed to reevaluate adequacy, the Seventh Circuit stated that the merits of the case, including the defendant's "consent" defense "-win or lose - might well be suitable for determination on a classwide basis." *Id.* at *7.

6. Other TCPA class certifications abound. *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho, Ltd., v. Websolv*, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions).

7. Plaintiff files this motion along with the complaint in order to avoid the plaintiff from being "picked off" through a Rule 68 or individual settlement offer, as suggested by some court decisions. *Greisz v. Household Bank*, 176 F.3d 1012 (7th Cir. 1999), and its progeny. While plaintiff does not believe *Griesz* is controlling, counsel feels it is appropriate under the circumstances to file this motion early in the case in order to avoid the situation entirely. Plaintiff requests that the Court set a briefing schedule sufficiently long so that plaintiff may take additional discovery and file a memorandum of law in support of this motion. Alternatively, the Court may enter and continue this motion.

8. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

9. <u>Numerosity</u>.  There is no reason to purchase or use a predictive dialer, other than to make a large volume of calls.

10. Furthermore, given the nature of the alleged violations, i.e. making automatically dialed and prerecorded message telephone calls to debtors, it is reasonable to infer that the defendant made impermissible robocalls to more than the 40 or so individuals necessary to satisfy numerosity.  Joinder is therefore impracticable and satisfy numerosity for certification purposes.  Fed.R.Civ.P. 23(a)(1).  Plaintiff requests time enough in briefing this motion in order to obtain discovery on this issue.

11. <u>Common Questions Predominate</u>.  There exist common questions of law and fact, which predominate over any individual questions.  The class definition ensures that all of class members have identical claims; both factually and legally.  Fed.R.Civ.P. 23(a)(2) & 23(b)(3).

12. <u>Typicality</u>.  Similarly, the plaintiff's claims are typical of the other class members.  All of the claims are based upon a substantially identical set of facts and circumstances.  Fed.R.Civ.P. 23(a)(3).  The same dialers and similar messages were used for the entire class.

13. <u>Adequacy</u>.  Plaintiff and counsel will fairly and adequately represent the class.  Plaintiff's interests in this litigation are aligned with those of the class, and he has hired a lawyer experienced in class action and consumer litigation.  <u>Exhibit D</u>.  Fed.R.Civ.P. 23(a)(4).

14. <u>Defendant's Actions Applicable Generally</u>.  The defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves.  Defendant called each class member on his or her cellular telephone using an autodialer and prerecorded message. Class-wide Injunctive relief under the TCPA 47 U.S.C. §227(b)(3)(A), along with corresponding declaratory relief is therefore

appropriate.  Fed.R.Civ.P. 23(b)(2).  All class members, who are the incorrect party, would benefit from the cessation of these annoying calls and defendant's opt-out policy.

15. <u>Superiority</u>.  It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions.  Plaintiff is not aware of any other cases alleging similar facts against these defendants; likely because the other members of the class are not aware that their rights have been violated.  Further, a class action is necessary to determine that defendants' conduct is a violation of law and to redress the class members' statutory damages.  Fed.R.Civ.P. 23(b)(3).  The issue of whether defendant's equipment and messages complied with the TCPA predominates over any individual issues that may arise.

16. Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class.  Plaintiff requests that the Court set a briefing schedule for this motion sufficient to permit time for service of the complaint, discovery and the filing of a supplemental memorandum in support of this motion.

WHEREFORE, plaintiff respectfully requests that this Court certify this case as a class action as to the class defined herein, and appoint plaintiff Nicholas Martin as class representative, and Burke Law Offices, LLC as class counsel.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288

(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com