**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of himself and all others similarly situated | ) ) ) ) | |
| Plaintiff | ) | 11-cv-5886 |
| | ) | |
| v. | ) ) | Judge Lefkow |
| | ) | |
| LEADING EDGE RECOVERY SOLUTIONS, LLC | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC ("Leading Edge") by and through its undersigned attorneys, and pursuant to FRCP 12(b)(1) moves to dismiss Counts I and II of Plaintiff's Complaint based upon the absence of Article III standing, and in the alternative, pursuant to FRCP 12(b)(6) moves to dismiss Count I for failure to state a claim. In support of these motions, Leading Edge states the following:

1.      This case involves a two count Complaint. Defendant Leading Edge is a debt collection agency. Complaint ¶ 6. Count I asserts individual and class based claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Count II asserts individual claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2.      As to Count I, Plaintiff claims that and that it violated the TCPA by making a *single* an auto-dialed call to Plaintiff's cell phone without his consent. In particular Plaintiff claims that "[t]he TCPA prohibits the use of 'automatic telephone dialing systems' to call cellular telephones" and the term "'[a]utomatic telephone dialing system' means any equipment that has the 'capacity to dial numbers without human intervention.'" Complaint ¶¶ 7-8.

Plaintiff further alleges, "upon information and belief, defendant made this call using an automatic telephone dialing system." ¶ 9.

4.     Plaintiff has failed to allege that he suffered any actual damages as a result of Defendant's conduct.  Accordingly, this case should be dismissed for failing to satisfy Article III standing.  Alternatively, this case should be stayed until such time as the Supreme Court rules on a pending appeal involving the Real Estate Settlement Services Act ("RESPA").  *See First American Financial Corporation vs. Edwards*, No. 10-708.  *See* Exhibit A, order granting cert.). Briefing is nearly complete and oral argument in the *Edwards* case is schedule for November 28, 2011. *Seehttp://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/10-708.htm*.

5.     Alternately, dismissal is proper under FRCP 12(b)(6) because Plaintiff has failed to properly set forth violations of the TCPA or the FDCPA.

WHEREFORE, Defendant respectfully that this Honorable Court dismiss Plaintiff's Complaint with prejudice, or alternatively, stay this case.

By: */s/James C. Vlahakis*
David M. Schultz
James C. Vlahakis
One of the Attorneys for Defendant
LEADING EDGE RECOVERY SOLUTIONS, LLC

David M. Schultz
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
dschutlz@hinshawlaw.com
jvlahakis@hinshawlaw.com

130186309v1  0927670  07791

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17 2011, I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By: <u>s/ James C. Vlahakis</u>
One of the Attorneys for Defendant

130186309v1  0927670  07791