**10-708 FIRST AMERICAN FINANCIAL V. EDWARDS**

DECISION BELOW: 610 F.3d 514

LOWER COURT CASE NUMBER: 08-56536, 08-56538

QUESTION PRESENTED:

Section 8(a) of the Real Estate Settlement Procedures Act of 1974 ("RESPA" or "the Act") provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding ... that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). Section 8(d)(2) of the Act provides that any person "who violate[s]," *inter alia*, § 8(a) shall be liable "to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service." *Id*. § 2607(d)(2). The questions presented are:

1. Did the Ninth Circuit err in holding that a private purchaser of real estate settlement services has standing under RESPA to maintain an action in federal court in the absence of any claim that the alleged violation affected the price, quality, or other characteristics of the settlement services provided?

2. Does such a purchaser have standing to sue under Article III, § 2 of the United States Constitution, which provides that the federal judicial power is limited to "Cases" and "Controversies" and which this Court has interpreted to require the plaintiff to "have suffered an 'injury in fact,'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)?

LIMITED TO QUESTION 2 PRESENTED BY THE PETITION.

CERT. GRANTED 6/20/2011