**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated, | ) | 1:11-cv-5886 |
| Plaintiffs, | ) | Judge Lefkow |
| | ) | |
| v. | ) | JURY DEMANDED |
| | ) | |
| LEADING EDGE RECOVERY SOLUTIONS, LLC, | ) | |
| Defendant. | | |

**AMENDED COMPLAINT**

**CLASS ACTION**

1. Plaintiffs Nicholas Martin and David Mack bring this action against Leading Edge Recovery Solutions, LLC. ("Leading Edge") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

2. The defendant debt collection agency called both plaintiffs with respect to a debt it knew or should have known was not their debt. Furthermore, defendant made these calls using an automatic telephone dialing system and/or an artificial voice.

**JURISDICTION AND VENUE**

3. The Court has federal question jurisdiction over the FDCPA and TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If *Brill* were to be abrogated or overruled, there is supplemental jurisdiction over the TCPA claims. There is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of defendant, and the amount in controversy exceeds $5,000,000.

4. Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

5. Plaintiffs are individuals who reside separately, each in this District. Plaintiff Martin's cellular telephone number is 630-xxx-3271. Plaintiff Mack's cellular telephone number is 773-xxx-9181.

6. Leading Edge is a debt collection agency located in Chicago, Illinois.

**FACTS**

7. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones.

8. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

9. Leading Edge used dialing equipment, along with Aspect Software, to dial telephone calls in 2010. Exhibit A.

10. The dialing equipment Leading Edge used in 2010 had the capacity to dial numbers as part of a dialing campaign, where an employee of defendant loaded a batch of telephone numbers into the system, and the system automatically dialed the numbers.

11. Leading Edge used the same dialing equipment that it used to do dialing campaigns, along with its Aspect Software, to dial plaintiff Martin's cell phone number in September 2010.

12. Nicholas Martin did not voluntarily give the phone number 630-xxx-3271 to defendant or the creditor on the account, Capital One, in connection with any account Leading Edge was collecting when it called that number in September 2010.

13. Leading Edge used the same dialing equipment that it used to do dialing campaigns, along with its Aspect Software, to dial plaintiff Mack's cell phone number in 2010.

14. David Mack did not voluntarily give the phone number 773-xxx-9181 to defendant or the creditor on the account, Capital One, in connection with the account Leading Edge was collecting when it called that number in September 2010.

15. Upon information and belief, there were more autodialed calls from Leading Edge to plaintiff Mack and/or Martin's cell phones, in addition to those in September 2010. These additional calls may be associated with other accounts Leading Edge was collecting.

16. Plaintiffs and the class were damaged by defendant's calls. Their privacy was improperly invaded, they were annoyed and were forced to use airtime in their cell phone plans and forced to tend to the unwanted calls.

## COUNT I – TCPA

17. Plaintiffs incorporate all previous paragraphs of this complaint.

18. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

19. Plaintiffs and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic telephone dialing system.

20. The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## Class Allegations

21. Plaintiffs brings Count I on behalf of a class, which consists of:

> All persons with Illinois, Indiana and Wisconsin telephone numbers who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant cannot show that the phone number was obtained from the called party with respect to the alleged debt that was being collected, (e.g. through skip tracing or caller identification "ANI" services), where any call was made between and including a date four years prior to the filing of this action.

22. Upon information and belief, based upon industry practices, defendant called more than 100 Illinois, Indiana and Wisconsin cell phone numbers during 2010, where defendant (or the creditor) obtained the cell phone number through a skip trace or ANI.

23. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiffs. Such questions common to the Class include, but are not limited to:

a. Whether defendant used an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders;

b. Whether obtaining a cellular telephone number obtained through a skip trace, or means other than directly from the called party as to the alleged debt that is being collected, constitutes "prior express consent" for defendant to call that number using an automatic telephone dialing system; and

c. Damages, including whether the violation was willful.

24. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and have retained counsel competent and experienced in class and complex litigation.

25. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

26. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

27. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

28. The identity of the class is likely readily identifiable from defendant's records, or its client's records.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of themselves and the class and against defendant that provides the following relief:

a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

b. A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

c. Any other relief the Court finds just and proper.

## **COUNT II – FDCPA**

30. Plaintiffs incorporate all previous paragraphs of this complaint.

31. Defendant lied to plaintiff Martin during a telephone conversation in September 2010, when it told plaintiff Martin that his relative (the alleged debtor) had provided plaintiff Martin and his telephone number as a "contact person" with respect to an alleged debt. This was a violation of 15 U.S.C. §§ 1692e and 1692f.

32. Defendant had location information for the true debtor. It had the debtor's address and telephone number. Thus, Leading Edge had no legitimate reason to call plaintiff Martin, and its calls therefore violated 15 U.S.C. §§ 1692d, 1692e and 1692f.

33. Furthermore, the conversation between plaintiff Martin and Leading Edge did not comply with the requirements of section 1692b, and defendant therefore also violated 15 U.S.C. §1692c(b). *Thomas v. Consumer Adjustment Co., Inc.*, 579 F. Supp.2d 1290, 1298 (E.D.Mo. 2008).

WHEREFORE, plaintiff Martin requests that the Court enter judgment in favor of himself against defendant that provides the following relief:

a. Statutory damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court finds just and appropriate.

Respectfully submitted,

Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**ONGOING DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

# Exhibit A

# Public Utility Commission Of Texas
## ADAD Registration
### Project 37833

2010 NOV 18 AM 9:45

**Company Information**

**Company Name:** LEADING EDGE RECOVERY SOLUTIONS LLC
**PUC Tracking No.:** AD060025
**Organization Type:** Limited Liability Company, L.L.C

**Electronic Submissions:**
**Last Submitted:** Never Submitted
**Submissions:** 0

NOTE: For changes to business entity, state of incorporation, identification numbers, or business or professional certificates please convey information in the note field in the Affirmation section below. Thank you.

**Additional Names**

**Add Record**

| Action | Company/DBA/Additional Names Information |
|---|---|

**Company Addresses and Contact Information**

**Add Record**

| Action | Address Information |
|---|---|
| | **Company / Physical** Non Emergency<br>**Company:** LEADING EDGE RECOVERY SOLUTIONS INC<br>**Contact:** JAMES NUZZO<br>**Title:**<br>**Address1:** 5440 N CUMBERLAND<br>**Address2:** SUITE 300<br>**City, St Zip:** CHICAGO IL , 60656<br>**Website:** www.leadingedgerecovery.com<br>**Email:** JAMES.NUZZO@LEADINGEDGERECOVERY.COM<br>**Main:** (773) 380-6214 **Home:**<br>**Toll-Free:** **Cell:**<br>**Fax:** (773) 380-6216 |

**Adad Units**

**Add Record**

| Action | Address Information |
|---|---|
| | **Provider:** TNCII **Manufacturer:** Aspect Software<br>**Serial No:** 18085-537297 **FCC/ACTA Registration No:** 68CMF-USA-36350-XD-N **EDIT**<br>**ADAD Physical Address**<br>**Company:** LEADING EDGE RECOVERY SOLUTIONS LLC **Main:** (773) 380-6214<br>**Contact:** JAMES NUZZO **Alternate:**<br>**Address1:** 5440 N CUMBERLAND AVE SUITE 300 **Fax:** (773) 380-6216<br>**Address2:** **Cell:**<br>**City, St Zip:** CHICAGO IL , 60656 **Home:**<br>**Website:** www.leadingedgerecovery.com **Email:** JAMES.NUZZO@LEADINGEDGERECOVERY.COM |

**Adad Data File Uploader**

Please Note: This form is provided for non-confidential, web-based submissions. All confidential submissions should be made on physical media labeled with your company's tracking number. Click here for more information. Two



400

identical diskettes/CDs with the 10 digit telephone number and county location for each line are still required. If there are **5 or less** you may enter this information in the comments fields.

Browse...

**Submit**

Uploaded Files:

**Affirmation**

| **Record Saved** | **11/8/2010 2:33:47 PM** | **EDIT** |
| --- | --- | --- |

**Save Section**

**By submitting this report, I swear and affirm that all statements and representations submitted herein are true and correct to the best of my knowledge.**

Save a record After Editing the sections, you MUST select the grey disk icon to complete the save record.

Show Help Toggle the help section ON or OFF.

**Comments:**

**Name:** James V. Nuzzo

**Title:** CFO

**Affirm Date:** **11/8/2010 2:33:47 PM**

Registration Has Been Submitted!

PRINT THREE COPIES OF THIS FORM TO BE FILED IN CENTRAL RECORDS