IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC,<br>    Defendant. | 1:11-cv-5886<br>Judge Lefkow<br><br>JURY DEMANDED |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs respectfully request that this Court grant them leave to file a Second Amended Complaint in this action. The proposed Second Amended Complaint is attached as Appendix 1.

In support of this motion, plaintiffs state:

1. This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) case against a debt collection agency that improperly called plaintiffs' cellular telephones using an autodialer and prerecorded messages. The calls to plaintiffs were made in connection with the alleged Capital One debt of their relative, Julie Schultz.

2. Plaintiff requests leave to amend the complaint to add Capital One as a defendant, and to alter the class definition accordingly, and to conform to discovery received so far. The scheduling order in this case sets January 25, 2012 as the last day to amend pleadings.

3. Capital One is a proper defendant in this case because it is liable for Leading Edge's calls.

Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls

1

placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd. 559, 565 paragraph 10 (January 4, 2008). Furthermore, upon information and belief, Capital One also called one or both plaintiffs using a predictive dialer and/or prerecorded message. It appears that Capital One's dialing system and software are the same brand as those being used by Leading Edge.

4. Plaintiffs have not engaged in any delay; this case has just begun. Further, plaintiffs have only recently confirmed through discovery that Capital One provided plaintiffs' telephone numbers to Leading Edge.

5. No substantive claims have been added or subtracted from the case. The case remains a TCPA class action, with an individual FDCPA claim.

6. Pursuant to Fed.R.Civ.P. 15(a)(2), a district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord*, *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981); *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993); *Nagy v. Riblet Products Corp.*, No. S90-202 (RLM), 1991 U.S. Dist. LEXIS 20128, *1, Fed. Sec. L. Rep. (CCH) P96,535 (N.D.Ind., Oct. 16, 1991); *Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 U.S. Dist. LEXIS 10261, *3-4, 55 Fair Empl. Prac. Cas. (BNA) 1535 (N.D.Ind. May 7, 1991); *Select Creations v. Paliafito Am.*, 830 F. Supp. 1213, 1215-16 (E.D.Wisc. 1993).

7. The proposed amendments will not cause any prejudice to the defendant. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

8. Leading Edge will not be prejudiced if this amendment is granted. The claims in the Second Amended Complaint are identical to the claims in the original complaint. In sum, given the liberal standards for allowing amendments to pleadings, the motion should be granted.

WHEREFORE, plaintiffs respectfully request that this Court grant them leave to amend the complaint in this action. The proposed Amended Complaint is attached as <u>Appendix 1</u>.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

3

# Appendix 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated, <br>      Plaintiffs, <br><br> v. <br><br> LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA) N.A., <br>      Defendants. | 1:11-cv-5886 <br> Judge Lefkow <br> Magistrate Judge Kim <br><br> JURY DEMANDED |

**AMENDED COMPLAINT  CLASS ACTION**

1.  The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") prohibits using telephone equipment that has the "capacity to dial without human intervention" and "artificial or prerecorded voice" to call cellular telephones in attempts to collect debts, unless "the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd. 559, 565 paragraph 10 (January 4, 2008).

2.  Defendants called plaintiffs' cellular telephones using such equipment, even though defendants knew, or should have known, that neither of plaintiffs' cellular telephone numbers were provided to either defendant by the called party in connection with the debt being collected.

**JURISDICTION AND VENUE**

3.  The Court has federal question jurisdiction over the FDCPA and TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If *Brill* were to be abrogated or

1

overruled, there is supplemental jurisdiction over the TCPA claims. There is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of defendants, and the amount in controversy exceeds $5,000,000.

4. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

5. Plaintiffs are individuals who reside separately, each in this District. Plaintiff Martin's cellular telephone number is 630-xxx-3271. Plaintiff Mack's cellular telephone number is 773-xxx-9181.

6. Leading Edge is a debt collection agency located in Chicago, Illinois.

7. Cap One is a national bank that issues credit cards. It is located in Virginia.

## FACTS

8. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of any artificial or prerecorded voice in such calls.

9. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

10. Leading Edge used dialing equipment, along with Aspect Software, to dial telephone calls in 2010. <u>Exhibit A</u>. Upon information and belief, Cap One and/or its affiliates use similar dialing technology and equipment to make millions of debt collection calls as part of dialing campaigns during 2010.

2

11. The dialing equipment Leading Edge used in 2010 had the capacity to dial numbers as part of a dialing campaign, where an employee loaded a batch of telephone numbers into the system, and the system automatically dialed the numbers.

12. Similarly, upon information and belief, the dialing equipment Cap One (or its affiliates) used in 2010 had the capacity to dial numbers as part of a dialing campaign, where an employee loaded a batch of telephone numbers into the system, and the system automatically dialed the numbers. Upon information and belief, Cap One used an Avaya dialer with Aspect software, too.

13. Leading Edge used the same dialing equipment that it used to do dialing campaigns, along with its Aspect Software, to dial plaintiff Martin's cell phone number in September 2010.

14. Nicholas Martin did not give the phone number 630-xxx-3271 to Leading Edge or Cap One, in connection with any account Leading Edge was collecting when it called that number in September 2010.

15. Leading Edge used the same dialing equipment that it used to do dialing campaigns, along with its Aspect Software, to dial plaintiff Mack's cell phone number in 2010.

16. David Mack did not give the phone number 773-xxx-9181 to Leading Edge or Cap One, in connection with the account Leading Edge was collecting when it called that number in September 2010.

17. Leading Edge also used an automated voice message that had been recorded ahead of time during one or more calls to David's cellular telephone.

18. Upon information and belief, there were more autodialed calls from Leading Edge to plaintiff Mack and/or Martin's cell phones, in addition to those in September 2010. These additional calls may be associated with other accounts Leading Edge was collecting.

19. Cap One provided plaintiffs' cell phone numbers 630-xxx-3271 and 773-xxx-9181 to Leading Edge, as part of the account it asked Leading Edge to collect.

20. Upon information and belief, Cap One or its affiliate called 630-xxx-3271 and/or 773-xxx-9181, in connection with the collection of debts, at some point between 2007 and 2011.

21. Upon information and belief, some or all of Cap One's calls to 630-xxx-3271 and/or 773-xxx-9181 were made using predictive dialing equipment. Further, upon information and belief, some such calls used a prerecorded or artificial voice, too.

22. Plaintiffs and the class were damaged by defendants' calls. Their privacy was improperly invaded, they were annoyed and were forced to use airtime in their cell phone plans and forced to tend to the unwanted calls.

## COUNT I – TCPA

23. Plaintiffs incorporate all previous paragraphs of this complaint. This Count is against all defendants.

24. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

25. Leading Edge made the calls that are the subject of this lawsuit in attempts to collect alleged Capital One debts. The calls were made on behalf of Capital One.

4

26.     Plaintiffs and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendants' calling of their cell phones using an automatic telephone dialing system and using an artificial or prerecorded voice.

27.     The defendants' calls were negligent, or alternatively, they were willful.

### Class Allegations

28.     Plaintiffs brings Count I on behalf of a class, which consists of:

All persons with Illinois, Indiana and Wisconsin telephone numbers who either defendant called in an attempt to collect an alleged Capital One debt, on their cell phone, using equipment that has the capacity to dial numbers without human intervention and/or using an artificial or prerecorded voice, where defendants cannot show that the phone number called was provided by the called party in connection with the alleged debt that was being collected, where any such call was made on or after August 25, 2007.

29.     Upon information and belief, based upon industry practices, defendant Leading Edge called more than 5,000 Illinois, Indiana and Wisconsin cell phone numbers during 2010, with respect to alleged Cap One accounts, where neither Leading Edge nor Cap One obtained the cell phone number through the called party voluntarily providing such in connection with the debt being collected.

30.     Upon information and belief, based upon industry practices, defendant Cap One called more than 5,000 Illinois, Indiana and Wisconsin cell phone numbers during 2010, with respect to alleged Cap One accounts, where Cap One did not obtain the cell phone number through the called party voluntarily providing such in connection with the debt being collected.

31.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiffs. Such questions common to the Class include, but are not limited to:

      a.      Whether defendants used automatic telephone dialing systems as that term is defined in the TCPA and applicable FCC regulations and orders;

      b.      Whether defendants used an "artificial or prerecorded voice" as those terms are defined in the TCPA and applicable FCC regulations and orders;

      c.      Whether obtaining a cellular telephone number from a source other than voluntarily from the called party in connection with the alleged debt being collected constitutes "prior express consent";

      d.      Damages, including whether the violations were willful.

32.    Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and have retained counsel competent and experienced in class and complex litigation.

33.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

34.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

35.    Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would

likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

36. The identity of the class is identifiable from defendants' records.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of themselves and the class and against defendant that provides the following relief:

    a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    b. A permanent injunction prohibiting each defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

    c. Any other relief the Court finds just and proper.

## **COUNT II – FDCPA**

38. Plaintiff incorporates all previous paragraphs of this complaint. This Count is against Leading Edge, only, and is brought by plaintiff Martin, only.

39. Defendant Leading Edge lied to plaintiff Martin during a telephone conversation in September 2010, when it told plaintiff Martin that his relative (the alleged debtor) had provided plaintiff Martin and his telephone number as a "contact person" with respect to an alleged debt. This was a violation of 15 U.S.C. §§ 1692e and 1692f.

40. Leading Edge had location information for the true debtor. It had the debtor's address and telephone number. Thus, Leading Edge had no legitimate reason to call plaintiff Martin, and its calls therefore violated 15 U.S.C. §§ 1692d, 1692e and 1692f.

41. Furthermore, the conversation between plaintiff Martin and Leading Edge did not comply with the requirements of section 1692b, and defendant therefore also violated 15 U.S.C. §1692c(b). *Thomas v. Consumer Adjustment Co., Inc.*, 579 F. Supp.2d 1290, 1298 (E.D.Mo. 2008).

WHEREFORE, plaintiff Martin requests that the Court enter judgment in favor of himself against defendant that provides the following relief:

a. Statutory and actual damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court finds just and appropriate.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**ONGOING DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

# Exhibit A

# Public Utility Commission Of Texas
## ADAD Registration
### Project 36557

RECEIVED
09 DEC 16 PM 3:28
PUBLIC UTILITY COMMISSION
FILING CLERK

**Company Information**

Company Name: LEADING EDGE RECOVERY SOLUTIONS LLC
PUC Tracking No.: AD060025
Organization Type: Limited Liability Company, L.L.C

**Electronic Submissions:**
Last Submitted: Never Submitted
Submissions: 0

NOTE: For changes to business entity, state of incorporation, identification numbers, or business or professional certificates please convey information in the note field in the Affirmation section below. Thank you.

**Additional Names**

Add Record

| Action | Company/DBA/Additional Names Information |
|---|---|

**Company Addresses and Contact Information**

Add Record

| Action | Address Information |
|---|---|
| ✏ | **Company / Physical**     Non Emergency <br> Company: LEADING EDGE RECOVERY SOLUTIONS INC <br> Contact: JAMES NUZZO <br> Title: <br> Address1: 5440 N CUMBERLAND <br> Address2: SUITE 300 <br> City, St Zip: CHICAGO IL, 60656 <br> Website: www.leadingedgerecovery.com <br> Email: JAMES.NUZZO@LEADINGEDGERECOVERY.COM <br> Main: (773) 380-6214    Home: <br> Toll-Free:    Cell: <br> Fax: (773) 380-6216 |

**Adad Units**

Add Record

| Action | Address Information |
|---|---|
| ✏ | Provider: Qwest     Manufacturer: Aspect Software <br> Serial No: 18085-52920     FCC/ACTA Registration No: 68CMF-USA-36350-XD-N <br> **ADAD Physical Address** <br> Company: LEADING EDGE RECOVERY SOLUTIONS LLC     Main: (773) 380-6214 <br> Contact: JAMES NUZZO     Alternate: <br> Address1: 5440 N CUMBERLAND AVE SUITE 300     Fax: (773) 380-6216 <br> Address2:     Cell: <br> City, St Zip: CHICAGO IL, 60656     Home: <br> Website: www.leadingedgerecovery.com     Email: JAMES.NUZZO@LEADINGEDGERECOVERY.COM |

https://www.puc.state.tx.us/WebApp/public/apps/company/CompanyRegistration/AdadR... 11/19/2009

382

# Adad Data File Uploader

Please Note: This form is provided for non-confidential, web-based submissions. All confidential submissions should be made on physical media labeled with your company's tracking number. Click here for more information. Two identical diskettes/CDs with the 10 digit telephone number and county location for each line are still required. If there are **5 or less** you may enter this information in the comments fields.

[                                                    ] [Browse...]

[Submit]

Uploaded Files:

## Affirmation

| Record Saved | 11/19/2009 12:12:30 PM | EDIT |

Save Section

**By submitting this report, I swear and affirm that all statements and representations submitted herein are true and correct to the best of my knowledge.**

Save a record — After Editing the sections, you MUST select the grey disk icon to complete the save record.

Show Help — Toggle the help section ON or OFF.

Comments: [                                                                 ]

Name: James Nuzzo
Title: CFO
Affirm Date: 11/19/2009 12:12:30 PM

Registration Has Been Submitted!
PRINT THREE COPIES OF THIS FORM TO BE FILED IN CENTRAL RECORDS

https://www.puc.state.tx.us/WebApp/public/apps/company/CompanyRegistration/AdadR    11/19/2009