**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated, | ) ) ) | 1:11-cv-5886 Judge Lefkow |
| Plaintiffs, | ) ) | Magistrate Judge Kim |
| v. | ) ) | JURY DEMANDED |
| LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA) N.A., | ) ) ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT  CLASS ACTION**

1.      The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") prohibits using telephone equipment that has the "capacity to dial without human intervention" and "artificial or prerecorded voice" to call cellular telephones in attempts to collect debts, unless "the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd. 559, 565 paragraph 10 (January 4, 2008).

2.      Defendants called plaintiffs' cellular telephones using such equipment, even though defendants knew, or should have known, that neither of plaintiffs' cellular telephone numbers were provided to either defendant by the called party in connection with the debt being collected.

**JURISDICTION AND VENUE**

3.      The Court has federal question jurisdiction over the FDCPA and TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).  If *Brill* were to be abrogated or

overruled, there is supplemental jurisdiction over the TCPA claims. There is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of defendant, and the amount in controversy exceeds $5,000,000.

4.      Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

5.      Plaintiffs are individuals who reside separately, each in this District. Plaintiff Martin's cellular telephone number is 630-xxx-3271. Plaintiff Mack's cellular telephone number is 773-xxx-9181.

6.      Leading Edge is a debt collection agency located in Chicago, Illinois.

7.      Cap One is a national bank that issues credit cards. It is located in Virginia and does business in this District.

## FACTS

8.      The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of any artificial or prerecorded voice in such calls.

9.      "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

10.     Leading Edge used dialing equipment, along with Aspect Software, to dial telephone calls in 2010. Exhibit A. Upon information and belief, Cap One and/or its affiliates use similar dialing technology and equipment to make millions of debt collection calls as part of dialing campaigns during 2010.

11.     The dialing equipment Leading Edge used in 2010 had the capacity to dial numbers as part of a dialing campaign, where an employee loaded a batch of telephone numbers into the system, and the system automatically dialed the numbers.

12.     Similarly, upon information and belief, the dialing equipment Cap One (or its affiliates) used in 2010 had the capacity to dial numbers as part of a dialing campaign, where an employee loaded a batch of telephone numbers into the system, and the system automatically dialed the numbers. Upon information and belief, Cap One used an Avaya dialer with Aspect software, too.

13.     Leading Edge used the same dialing equipment that it used to do dialing campaigns, along with its Aspect Software, to dial plaintiff Martin's cell phone number in September 2010.

14.     Nicholas Martin did not give the phone number 630-xxx-3271 to Leading Edge or Cap One, in connection with any account Leading Edge was collecting when it called that number in September 2010.

15.     Leading Edge used the same dialing equipment that it used to do dialing campaigns, along with its Aspect Software, to dial plaintiff Mack's cell phone number in 2010.

16.     David Mack did not give the phone number 773-xxx-9181 to Leading Edge or Cap One, in connection with the account Leading Edge was collecting when it called that number in September 2010.

17.     Upon information and belief, there were more autodialed calls from Leading Edge to plaintiff Mack and/or Martin's cell phones, in addition to those in September 2010. These additional calls may be associated with other accounts Leading Edge was collecting.

18.     Cap One provided plaintiffs' cell phone numbers 630-xxx-3271 and 773-xxx-9181 to Leading Edge, as part of the account it asked Leading Edge to collect.

19.     Upon information and belief, Cap One or its affiliate called 630-xxx-3271 and/or 773-xxx-9181, in connection with the collection of debts, at some point between 2007 and 2011.

20.     Upon information and belief, some or all of Cap One's calls to 630-xxx-3271 and/or 773-xxx-9181 were made using predictive dialing equipment. Further, upon information and belief, some such calls used a prerecorded or artificial voice, too.

21.     Plaintiffs and the class were substantially damaged by defendants' calls. Their privacy was improperly invaded, they were annoyed and were forced to use airtime in their cell phone plans and forced to tend to the unwanted calls.

# COUNT I – TCPA

22.     Plaintiffs incorporate all previous paragraphs of this complaint. This Count is against all defendants.

23.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

24.     Leading Edge made the calls that are the subject of this lawsuit in attempts to collect alleged Capital One debts. The calls were made on behalf of Capital One.

25.     Plaintiffs and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendants' calling of their cell phones using an automatic telephone dialing system and using an artificial or prerecorded voice.

26.     The defendants' calls were negligent, or alternatively, they were willful.

## **Class Allegations**

27.    Plaintiffs brings Count I on behalf of a class, which consists of:

All persons with Illinois telephone numbers who either defendant called in an attempt to collect an alleged Capital One debt, on their cell phone, using equipment that has the capacity to dial numbers without human intervention and/or using an artificial or prerecorded voice, where defendants' records do not show that the phone number called was provided by the called party in connection with the alleged debt that was being collected, where any such call was made on or after August 25, 2007.

28.    Upon information and belief, based upon industry practices, defendant Leading Edge called more than 5,000 Illinois, Indiana and Wisconsin cell phone numbers during 2010, with respect to alleged Cap One accounts, where neither Leading Edge nor Cap One obtained the cell phone number through the called party voluntarily providing such in connection with the debt being collected.

29.    Upon information and belief, based upon industry practices, defendant Cap One called more than 5,000 Illinois, Indiana and Wisconsin cell phone numbers during 2010, with respect to alleged Cap One accounts, where Cap One did not obtain the cell phone number through the called party voluntarily providing such in connection with the debt being collected.

30.    Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiffs. Such questions common to the Class include, but are not limited to:

a.    Whether defendants used automatic telephone dialing systems as that term is defined in the TCPA and applicable FCC regulations and orders;

b.    Whether defendants used an "artificial or prerecorded voice" as those terms are defined in the TCPA and applicable FCC regulations and orders;

      c.     Whether obtaining a cellular telephone number from a source other than voluntarily from the called party in connection with the alleged debt being collected constitutes "prior express consent";

      d.     Damages, including whether the violations were willful.

31.    Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and have retained counsel competent and experienced in class and complex litigation.

32.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

33.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

34.    Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

35.    The identity of the class is likely readily identifiable from defendant's records, or its client's records.

36.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of themselves and the class and against defendants that provides the following relief:

a.     Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

b.     A permanent injunction prohibiting each defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

c.     A declaration that both defendants violated the TCPA as to plaintiff and the class; and

c.     Any other relief the Court finds just and proper.

## COUNT II – FDCPA

37.     Plaintiff incorporates all previous paragraphs of this complaint.  This Count is against Leading Edge, only, and is brought by plaintiff Martin, only.

38.     Defendant Leading Edge lied to plaintiff Martin during a telephone conversation in September 2010, when it told plaintiff Martin that his relative (the alleged debtor) had provided plaintiff Martin and his telephone number as a "contact person" with respect to an alleged debt.  This was a violation of 15 U.S.C. §§ 1692e and 1692f.

39.     Leading Edge had location information for the true debtor.  It had the debtor's address and telephone number. Thus, Leading Edge had no legitimate reason to call plaintiff Martin, and its calls therefore violated 15 U.S.C. §§ 1692d, 1692e and 1692f.

40.    Furthermore, the conversation between plaintiff Martin and Leading Edge did not comply with the requirements of section 1692b, and defendant therefore also violated 15 U.S.C. §1692c(b).    *Thomas v. Consumer Adjustment Co., Inc.*, 579 F. Supp.2d 1290, 1298 (E.D.Mo. 2008).

WHEREFORE, plaintiff Martin requests that the Court enter judgment in favor of himself against defendant that provides the following relief:

a.    Statutory and actual damages;

b.    Attorney's fees and costs of suit;

c.    A declaration that defendant Leading Edge violated the FDCPA in the manner alleged herein; and

d.    Any other relief the Court finds just and appropriate.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Alexander H. Burke

Alexander H. Burke

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## ONGOING DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

# Exhibit A

# Public Utility Commission Of Texas
## ADAD Registration
### Project 36557

RECEIVED

09 DEC 16 PM 3: 28

PUBLIC UTILITY COMMISSION
FILING CLERK

## Company Information

**Company Name:** LEADING EDGE RECOVERY SOLUTIONS LLC

**PUC Tracking No.:** AD060025

**Organization Type:** Limited Liability Company, L.L.C

### Electronic Submissions:

**Last Submitted:** Never Submitted

**Submissions:** 0

NOTE: For changes to business entity, state of incorporation, identification numbers, or business or professional certificates please convey information in the note field in the Affirmation section below. Thank you.

## Additional Names

Add Record

| Action | Company/DBA/Additional Names Information |
|---|---|

## Company Addresses and Contact Information

Add Record

| Action | Address Information |
|---|---|
| ✎ | **Company / Physical**     Non Emergency<br>**Company:** LEADING EDGE RECOVERY SOLUTIONS INC<br>**Contact:** JAMES NUZZO<br>**Title:**<br>**Address1:** 5440 N CUMBERLAND<br>**Address2:** SUITE 300<br>**City, St Zip:** CHICAGO IL , 60656<br>**Website:** www.leadingedgerecovery.com<br>**Email:** JAMES.NUZZO@LEADINGEDGERECOVERY.COM<br>**Main:** (773) 380-6214     **Home:**<br>**Toll-Free:**     **Cell:**<br>**Fax:** (773) 380-6216 |

## Adad Units

Add Record

| Action | Address Information |
|---|---|
| ✎ | **Provider:** Qwest     **Manufacturer:** Aspect Software<br>**Serial No:** 18085-52920     **FCC/ACTA Registration No:** 68CMF-USA-36350-XD-N<br>**ADAD Physical Address**<br>**Company:** LEADING EDGE RECOVERY SOLUTIONS LLC     **Main:** (773) 380-6214<br>**Contact:** JAMES NUZZO     **Alternate:**<br>**Address1:** 5440 N CUMBERLAND AVE SUITE 300     **Fax:** (773) 380-6216<br>**Address2:**     **Cell:**<br>**City, St Zip:** CHICAGO IL , 60656     **Home:**<br>**Website:** www.leadingedgerecovery.com     **Email:** JAMES.NUZZO@LEADINGEDGERECOVERY.COM |

382

## Adad Data File Uploader

Please Note: This form is provided for non-confidential, web-based submissions. All confidential submissions should be made on physical media labeled with your company's tracking number. Click here for more information. Two identical diskettes/CDs with the 10 digit telephone number and county location for each line are still required. If there are **5 or less** you may enter this information in the comments fields.

[                                                          ] [ Browse... ]

[ Submit ]

Uploaded Files:

## Affirmation

| Record Saved | 11/19/2009 12:12:30 PM | EDIT |

Save Section

**By submitting this report, I swear and affirm that all statements and representations submitted herein are true and correct to the best of my knowledge.**

Save a record | After Editing the sections, you MUST select the grey disk icon to complete the save record.

Show Help | Toggle the help section ON or OFF.

Comments: [                                                          ]

Name: [ James Nuzzo ]

Title: [ CFO ]

Affirm Date: 11/19/2009 12:12:30 PM

Registration Has Been Submitted!
PRINT THREE COPIES OF THIS FORM TO BE FILED IN CENTRAL RECORDS