**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and all others similarly situated | ) ) ) ) | 11-cv-5886 |
| Plaintiff | ) ) | Judge Lefkow |
| v. | ) ) | Magistrate Kim |
| LEADING EDGE RECOVERY SOLUTIONS, LLC and CAPITAL ONE BANK (USA) N.A., | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDNAT LEADING EDGE'S COMBINED MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6)

NOW COMES Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC ("Leading Edge"), by and through its undersigned counsel and moves to dismiss Plaintiff's Second Amended Complaint pursuant to FRCP 12(b)(1) and 12(b)(6):

1.      Plaintiffs allege that Defendant violated The Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA") by placing an auto-dialed call tot their cell phones when Leading Edge was attempting to collect a debt allegedly owed by another person.   Plaintiff Martin also alleges that the subject phone call(s) violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692  ("FDCPA").

2.      The Second Amended Complaint should be dismissed because Plaintiffs have failed to satisfy the threshold element of Article III standing.  With regard to the TCPA claims in Count I, Plaintiffs lack standing because they have failed to allege that they suffered any actual damages as a result of *any call* placed to their cellular phones.  Similarly, with regard to Plaintiff

Martin's FDCPA claim, he has failed to point to any actual damages that he suffered as a result of being called by Leading Edge.

3.      Alternatively, Plaintiff's TCPA claim should dismissed pursuant to FRCP 12(b)(6) because Plaintiff has failed to plead an actionable claim. First, Plaintiffs have failed to allege that they were charged for the call in question.  Second, Plaintiff has not adequately pled that they were called via a prohibited "automatic telephone dialing system."  Mr. Martin's FDCPA claims should also be dismissed because Plaintiff's conclusory allegations fail to state actual or plausible violations of §§ 1692d, 1692e and 1692f.

WHEREFORE, for the above reasons, Defendant respectfully that this Honorable Court dismiss Plaintiff's Complaint with prejudice pursuant to FRCP 12(b)(1) and 12(b0(6). Alternatively, Defendant respectfully that this Honorable Court stay Plaintiff's case until the Supreme Court rules on the *Edwards* case.

130164799v3  0922494  07791

Date:  February 3, 2012

Respectfully submitted,

/s/*David M. Schultz*
David M. Schultz
James C. Vlahakis
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
Attorneys for Defendant

3

130164799v3  0922494  07791

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2012, I electronically filed the above notice of motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
Attorney for Defendant
222 North LaSalle, Suite 300
Chicago, IL 60601
tel 312-704-3715