IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN AND DAVID MACK on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LEADING EDGE RECOVERY SOLUTIONS, LLC and CAPITAL ONE BANK (USA), N.A., <br><br> Defendants. | Case No. 1:11-cv-5886 <br><br> Hon. Joan Humphrey Lefkow <br><br> Magistrate Judge Young B. Kim |

**DEFENDANT CAPITAL ONE'S MOTION TO JOIN IN THE MOTION OF DEFENDANT LEADING EDGE TO STAY DISCOVERY**

Defendant Capital One Bank (USA), N.A. ("Capital One"), hereby joins in the motion filed by Defendant Leading Edge Recovery Solutions, LLC ("Leading Edge") requesting that the Court stay discovery during the pendency of Leading Edge's Motion to Dismiss For Lack of Jurisdiction/Standing, for the reasons set forth in Leading Edge's Motion. [Dkt. No. 47.] In further support of this motion, Capital One states as follows:

1. Plaintiffs commenced this action in August 2011 against Leading Edge alone, claiming violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Capital One only became a party to this action last month, in January 2012, when plaintiffs filed and served their Second Amended Complaint. [Dkt. No. 32.]

3. Capital One's response to the Second Amended Complaint is not due until March 14, 2012 [Dkt. No. 44], but plaintiffs have already served expansive, burdensome discovery against Capital One, including 21 requests for admission, 13 interrogatories, and 23 requests for production that include extensive, class-based requests and inquiries.

4.	The ability of plaintiffs' suit to proceed against Capital One depends on whether Article III of the Constitution requires them to allege injury and actual damages to have standing to sue. Plaintiffs allege no such injury or actual damages in their Second Amended Complaint, and the United States Supreme Court is currently considering whether that allegation is required in the context of another federal consumer statute. *See First Am. Fin. Corp. v. Edwards*, No. 10-708 (S. Ct. argued Nov. 28, 2011) (considering the issue of standing in the context of the Real Estate Settlement Procedures Act).

5.	Capital One expects to move to dismiss plaintiffs' claims against it for lack of standing, pending decision in *Edwards*.

6.	Each year, the Supreme Court resolves all of its pending cases by the end of June, so a decision in *Edwards* is expected within the next four months.

7.	Because the Supreme Court's *Edwards* decision may determine the outcome of this case, and because it would be highly inefficient and burdensome to allow discovery to proceed in advance of that decision while Capital One's motion to dismiss is pending, the Court should grant a brief stay of discovery. *See DSM Desotech, Inc. v. 3D Systems Corp.*, No. 08 CV 1531, 2008 WL 4812440, **2-3 (N.D. Ill. Oct. 28, 2008) (Lefkow, J.) (granting motion to stay discovery during pendency of motion to dismiss in antitrust matter, where motion may "resolve a threshold issue such as jurisdiction [or] standing" and where discovery is expected to be "extensive, voluminous, and expensive to produce").

8.	Accordingly, Capital One joins Leading Edge's Motion to Stay Discovery During Pending Motion to Dismiss for Lack of Jurisdiction/Standing.

Dated: February 24, 2012

                                                  Respectfully submitted,

                                                  CAPITAL ONE BANK (USA), N.A.

                                                  By: /s/ Aaron D. Van Oort
                                                          One of its attorneys

Ernest Summers (No. 3126432)
Trina K. Taylor (No. 6297760)
Faegre Baker Daniels LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel.: (312) 212-6553
Fax: (312) 212-6501
ernie.summers@FaegreBD.com
trina.taylor@FaegreBD.com

Aaron D. Van Oort (MN No. 315539)
Erin L. Hoffman (MN No. 0387835)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
aaron.vanoort@FaegreBD.com
erin.hoffman@FaegreBD.com

fb.us.8142210.03

**CERTIFICATE OF SERVICE**

  I certify that on February 24, 2012, a copy of the foregoing Defendant Capital One's Motion to Join in the Motion of Defendant Leading Edge to Stay Discovery was filed electronically. Notice of this filing will be sent to the above-referenced parties by operation of the Court's electronic filing system.

                  By: /s/ Aaron D. Van Oort

Ernest Summers (No. 3126432)
Trina K. Taylor (No. 6297760)
Faegre Baker Daniels LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel.: (312) 212-6553
Fax: (312) 212-6501
ernie.summers@FaegreBD.com
trina.taylor@FaegreBD.com

Aaron D. Van Oort (MN No. 315539)
Erin L. Hoffman (MN No. 0387835)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
aaron.vanoort@FaegreBD.com
erin.hoffman@FaegreBD.com