**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN AND DAVID MACK on behalf of themselves and all others similarly situated, | ) ) ) | Case No. 1:11-cv-5886 |
| | ) | Hon. Joan Humphrey Lefkow |
| Plaintiffs, | ) ) | Magistrate Judge Young B. Kim |
| v. | ) ) | |
| LEADING EDGE RECOVERY SOLUTIONS, LLC and CAPITAL ONE BANK (USA), N.A., | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT CAPITAL ONE'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant Capital One Bank (USA), N.A. ("Capital One") submits this memorandum of law in support of its motion to dismiss the Second Amended Complaint ("Complaint") filed by Nicholas Martin and David Mack ("Plaintiffs"). (*See* Dkt. No. 32.)  Specifically, the Court lacks subject-matter jurisdiction because the Plaintiffs do not have standing, as they have not asserted a sufficiently concrete and particularized injury in fact.   In further support of this motion, Capital One states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 18, 2012, Plaintiffs filed the Second Amended Complaint, adding Capital One as a defendant.  As to Capital One, the Complaint alleges a single claim under the Telephone Consumer Protection Act ("TCPA," or the "Act"), 47 U.S.C. § 227(b).  Plaintiffs allege that Capital One, along with its co-defendant Leading Edge Recovery Solutions, LLC ("Leading Edge"), called their cellular telephones using equipment that has the capacity to dial

without human intervention, using an artificial or pre-recorded voice, and without their consent. (Second Amended Complaint ("SAC") ¶¶ 1-2.) Plaintiffs further allege that Capital One violated the TCPA both because it allegedly made calls proscribed by the Act, and because it was a creditor on whose behalf Leading Edge—a third-party debt collector—also allegedly made prohibited calls. (*See* SAC ¶¶ 10-12, 17-18.)

The Complaint contains a single paragraph alleging the Plaintiffs' injury. It states that Plaintiffs were "substantially damaged by defendants' calls," because their "privacy was improperly invaded, they were annoyed and were forced to use airtime in their cell phone plans and [were] forced to tend to the unwanted calls." (SAC ¶ 21.)

Yet these abstract and unparticularized allegations of injury are insufficient to demonstrate that the Plaintiffs have satisfied the "irreducible constitutional minimum" of an injury in fact under Article III of the Constitution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs allege no such injury or actual damages in the Complaint, and the United States Supreme Court is currently considering whether that allegation is required in the context of another federal consumer statute. *See First Am. Fin. Corp. v. Edwards*, No. 10-708 (S. Ct. argued Nov. 28, 2011) (considering the issue of standing in the context of the Real Estate Settlement Procedures Act).

If the Supreme Court in *Edwards* holds that consumer-protection plaintiffs must allege an actual, injury in fact apart from a mere violation of a federal statute, such a decision may affect the outcome of this case. Accordingly, and because Plaintiffs' single allegation of damages is insufficient under Article III of the Constitution, Capital One respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction.

## ARGUMENT

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. Art. III, § 1. The Supreme Court has repeatedly explained that an "essential and unchanging part of the case-or-controversy requirement of Article III" is the doctrine of standing. *Lujan*, 504 U.S. at 560. And as the Court reiterated in *Lujan*, the "irreducible constitutional minimum" of standing contains three elements: (1) that the plaintiff has suffered an "injury in fact" (2) that is fairly traceable to the challenged action of the defendant and (3) that is likely to be redressed by a favorable decision. *Id.* The alleged injury in fact must be concrete and particularized, and actual or imminent, not conjectural or hypothetical.

Though federal-court plaintiffs have on occasion attempted to allege that a mere violation of a federal statute satisfies the injury-in-fact requirement, the Supreme Court has consistently adhered to the principle that "the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1151 (2009); *see also Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74 (2008). Because Article III is a constitutional limit on federal-court jurisdiction, its requirements are not met merely because a statute provides a plaintiff a cause of action.

In fact, the Supreme Court has repeatedly explained that the mere fact that Congress has authorized a plaintiff to sue by granting a right of action against the defendant does not, without more, satisfy the requirement of injury in fact. *See Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (holding that plaintiff lacked injury in fact and could not proceed with suit, even though statute had authorized suit by "any person" against

3

owners of hazardous-waste facilities); *Lujan*, 504 U.S. at 571-73 (holding that plaintiff had not alleged injury in fact even though Endangered Species Act authorized "any person" to bring suit against the government). Instead, as the Court held in *Lujan*, a plaintiff must demonstrate a concrete and particularized injury that is actual or imminent, and not conjectural or hypothetical.

As relevant to this case, the Telephone Consumer Protection Act prohibits making any call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a "cellular telephone service" or "any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). (*See* SAC ¶ 23.) The TCPA provides that an individual can recover for "actual monetary loss" from a violation of the Act, or can "receive $500 in damages for each such violation." *Id.* § 227(b)(3)(B).

Although the TCPA authorizes a plaintiff who has suffered "actual monetary loss" to bring suit, 47 U.S.C. § 227(b)(3)(B), the Plaintiffs here do not assert that they have suffered any such loss due to the allegedly proscribed phone calls made by or on behalf of Capital One. (*See* SAC ¶ 21.) Rather, the *only* allegations regarding injury come in a single paragraph in the Second Amended Complaint, which alleges in conclusory terms that plaintiffs were "substantially damaged by defendants' calls" because their "privacy was invaded, they were annoyed and were forced to use airtime in their cell phone plans," and were "forced to tend to the unwanted calls." (*Id.*) Thus, this case raises the question whether plaintiffs who fail to allege any actual monetary loss under the TCPA and instead plead only conclusory, abstract injuries have satisfied constitutional standing requirements.

The Supreme Court recently heard oral argument in a case raising a similar issue under a different consumer-protection statute, the Real Estate Settlement Procedures Act ("RESPA"). In *First American Financial Corp. v. Edwards* (S. Ct. argued Nov. 28, 2011), the Supreme Court is

4

considering whether a plaintiff who alleges a violation of RESPA but who concedes that she did not pay increased title insurance fees or suffer any other actual harm has alleged injury in fact to satisfy Article III requirements. The Supreme Court granted certiorari after the Ninth Circuit concluded that if the plaintiff alleged a violation of RESPA, then she necessarily "demonstrated an injury sufficient to satisfy Article III." *Edwards v. First Am. Fin. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010). Pending the outcome in *Edwards*, none of Plaintiffs' allegations suffices under applicable law to satisfy Article III's injury-in-fact requirement.

Plaintiffs' argument to the contrary notwithstanding, applicable federal circuit court precedent requires plaintiffs alleging claims under federal consumer protection statutes to allege injury in fact sufficient to satisfy Article III. In other words, violation of a federal consumer-protection statute, standing alone, is not sufficient to create federal-court jurisdiction if the plaintiff has not suffered a concrete and particularized injury in fact. For example, in *Crabill v. Trans Union, L.L.C.*, the Seventh Circuit affirmed the grant of summary judgment to a credit reporting agency in part because the consumer did not have standing to recover statutory attorney's fees and costs under the Fair Credit Reporting Act ("FCRA"). *See* 259 F.3d 662, 664-67 (7th Cir. 2001) (Posner, J.). Though the court, in dicta, explained that many consumer-protection statutes create "legally enforceable bounty systems for assistance in enforcing federal laws," it also noted that these statutes are only enforceable "provided the bounty is a reward *for redressing an injury of some sort*." *Id.* at 665 (emphasis added). The court also noted that the Supreme Court has "limited the right to create a bounty system enforceable in federal courts to the situation in which the bounty deters the defendant from inflicting a future injury on the particular plaintiff" or to cases where the "plaintiff can be viewed as a kind of assignee of the prospective victims." *Id.* at 666.

Plaintiffs thus misread *Crabill* when they argue that it "permits Congress to provide a statutory private right of action by defining a legally protected interest, such as privacy." (Dkt. No. 54, at 3.) *Crabill* certainly explains that Congress can do this, *provided* that the legally protected interest would satisfy constitutional standing requirements for injury in fact. *See Crabill*, 259 F.3d at 665-66. But *Crabill* did not "squarely h[o]ld" that the right to privacy is a legally protected interest. (*See* Dkt. No. 56, at 7.) Rather, it held that the "absence of past or prospective harm to the plaintiff" precludes a consumer-protection plaintiff from satisfying Article III standing requirements. *Crabill*, 259 F.3d at 666. That is precisely the case here.

At any rate, even assuming that *Crabill* could be read for the proposition that an FCRA plaintiff has standing merely by alleging a statutory violation absent proof of actual injury, *Crabill* itself expressly limits its holding to the FCRA context. The final line of the opinion reads, "The implications for other consumer-protection statutes remain for consideration in future cases." *Id.* at 667; *see also Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 266-67 (5th Cir. 2000) (vacating certification of class under FCRA in part because certification ruling, which "formed the basis for the district court's findings that the consumers have individual standing," "erroneously ruled that the consumers need not show that their reports were improperly disclosed" and thus that they had suffered the "actual injuries" Congress identified).

Capital One acknowledges that several district court decisions have either expressly or by implication concluded that TCPA plaintiffs satisfy Article III requirements merely by alleging (or later proving) a statutory violation. *See Arthur v. Sallie Mae, Inc.*, No. C10-0198JLR, 2012 WL 90101, at *5 (W.D. Wash. Jan. 10, 2012) (by implication); *Landsman & Funk, P.C. v. Lorman Bus. Ctr., Inc.*, No. 08-cv-481-bbc, 2009 WL 602019, at *3 (W.D. Wis. Mar. 9, 2009) (expressly); *cf. D.G. ex rel. Tang v. William W. Siegel & Assocs.*, 791 F. Supp. 2d 622, 624 (N.D.

Ill. 2011) (by implication); *Tang v. Med. Recovery Specialists, LLC*, No. 11 C 2109, 2011 WL
6019221, at *3 (N.D. Ill. July 7, 2011) (by implication). *See generally Leyse v. Bank of Am.,
N.A.*, No. 09 Civ. 7654(JGK), 2010 WL 2382400, at *3 (S.D.N.Y. June 14, 2010) (collecting
cases). But only one of these decisions actually addressed the Article III standing issue, and that
court's nonbinding interpretation of *Crabill* simply does not give effect to *Crabill*'s holding or its
language requiring that consumer protection statutes redress "an injury of some sort." *See
Landsman & Funk*, 2009 WL 602019, at *3 (quoting *Crabill*, 259 F.3d at 665). The Supreme
Court may address this issue in *Edwards*, and to the extent that its decision adheres to the
principle that plaintiffs raising statutory consumer-protection claims must also allege a concrete
and particularized injury in fact, that principle should likewise be applied in this case.

Plaintiffs argue that, even absent monetary loss, their conclusory allegations that their
"privacy was invaded, they were annoyed and were forced to use airtime in their cell phone
plans" plead injury in fact sufficient to satisfy Article III. (*See* Dkt. No. 54, at 1-4; Dkt. No. 56,
at 2, 5.) That is incorrect. Plaintiffs never allege that they answered any phone calls, that they
heard the calls in any way, or that Capital One left messages. (*See* SAC ¶ 21.) All they allege is
that they were "annoyed" and were in some unspecified way "forced to tend to the unwanted
calls." (*Id.*) Without alleging that they answered unsolicited calls or listened to unwanted phone
messages, Plaintiffs cannot possibly have alleged a constitutionally cognizable harm. Rather,
Plaintiffs' allegations are the sorts of "threadbare recitals" that fail to state a plausible claim for
relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Brooks v. Ross*, 578 F.3d 574, 581 (7th
Cir. 2009); *see also Ashland Hosp. Corp. v. Int'l Bhd. of Elec. Workers Local 575*, 807 F. Supp.
2d 633, 642 (E.D. Ky. 2011) (dismissing TCPA claim because plaintiff was not the recipient of

conduct prohibited by the statute); *Kopff v. World Research Grp., LLC*, 568 F. Supp. 2d 39, 42 (D.D.C. 2008) (same).

Plaintiffs cite the Supreme Court's recent decision in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), but *Mims* did not address Article III standing; rather, it merely held, consistent with 28 U.S.C. § 1331, that federal courts have concurrent jurisdiction with state courts to hear TCPA claims. *See Mims*, 132 S. Ct. at 747-53.

Plaintiffs maintain that "privacy has been widely recognized as a legally protected interest, the invasion of which is compensable at law," (Dkt. No. 56, at 6), but none of the cases they cite involved the type of wholly conclusory allegations of injury that the complaint makes here, and none specifically held that an abstract allegation of invasion of privacy, without more, could satisfy constitutional standing requirements. In fact, at least one court considering whether "invasion of privacy" constitutes a sufficient allegation of injury to satisfy Article III has held that it does not, albeit in a different context. *See Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp.2d 1, 7 (D.D.C. 2007) (dismissing common-law claims for "invasion of privacy" and negligence because the complaint failed to "allege any injury that is 'actual or imminent, not conjectural or hypothetical'" (quoting *Lujan*, 504 U.S. at 560)).

Nor is the unadorned allegation that Plaintiffs used their cellphone minutes, without any proof of how this injured them, sufficient. In *Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718, 733 (9th Cir. 2007), the Ninth Circuit held that the plaintiff, a phone customer, had satisfied the injury requirement after he lost a certain number of "anytime" call minutes as a result of the illegal billing practices of the defendant, a cell phone company. But there, the plaintiff alleged that he did not receive the full number of minutes that he purchased, and thus that he did "not receive the full benefit of his contract." *Id.* Here, by contrast, Plaintiffs do not allege that they

8

received any calls made by or for Capital One, much less that they lost monetary benefit or value. (*See* SAC ¶ 21.) Their allegation of injury is too abstract to satisfy Article III's injury-in-fact requirement. *See, e.g.*, *Lee v. Capital One Bank*, No. C 07-4599 MHP, 2008 WL 648177, at *4 (N.D. Cal. Mar. 5, 2008) ("Because plaintiff has not alleged facts indicating that he was personally harmed by defendants' alleged statutory violations, he has not suffered injury in fact.").

Plaintiffs further argue that Congress may "articulate chains of causation that will give rise to a case or controversy where none existed before" (Dkt. No. 56, at 5), but this truism is not applicable here where (1) Plaintiffs have not alleged that they suffered "actual monetary loss" as prescribed by the Act, *see* 47 U.S.C. § 227(b)(3)(B), and (2) where they have offered no legal authorities showing that mere "annoyances" or "tending to unwanted calls" suffices to prove constitutional injury in fact. To the extent that Plaintiffs cite cases for the proposition that a TCPA plaintiff satisfies constitutional standing even if he has "not suffered damages" (Dkt. No. 56, at 10, and cases cited), this argument misapprehends the numerous Supreme Court cases that have held plaintiffs lack standing even where a federal statute permits suit by "any person." *See Steel Co*, 523 U.S. at 102; *Lujan*, 504 U.S. at 571-73.

## CONCLUSION

Plaintiffs' sole allegation of injury is too abstract to satisfy the requirement, set forth in Article III of the Constitution, that a plaintiff allege a concrete and particularized injury in fact to have standing to bring a claim in federal court. Pending the Supreme Court's decision in *Edwards*, this Court should dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction.

Dated: March 14, 2012

Respectfully submitted,

CAPITAL ONE BANK (USA), N.A.

By: /s/ Aaron D. Van Oort
            One of its attorneys

Ernest Summers (No. 3126432)
Trina K. Taylor (No. 6297760)
Faegre Baker Daniels LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel.: (312) 212-6553
Fax: (312) 212-6501
ernie.summers@FaegreBD.com
trina.taylor@FaegreBD.com

Aaron D. Van Oort (MN No. 315539)
Erin L. Hoffman (MN No. 0387835)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
aaron.vanoort@FaegreBD.com
erin.hoffman@FaegreBD.com

fb.us.8203063.04

## CERTIFICATE OF SERVICE

I certify that on March 14, 2012, a copy of the foregoing Defendant Capital One's Memorandum of Law In Support of Its Motion to Dismiss For Lack of Subject Matter Jurisdiction was filed electronically. Notice of this filing will be sent to the above-referenced parties by operation of the Court's electronic filing system.

By: /s/ Aaron D. Van Oort

Ernest Summers (No. 3126432)
Trina K. Taylor (No. 6297760)
Faegre Baker Daniels LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel.: (312) 212-6553
Fax: (312) 212-6501
ernie.summers@FaegreBD.com
trina.taylor@FaegreBD.com

Aaron D. Van Oort (MN No. 315539)
Erin L. Hoffman (MN No. 0387835)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
aaron.vanoort@FaegreBD.com
erin.hoffman@FaegreBD.com