**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN AND DAVID MACK on behalf of themselves and all others similarly situated, | ) )  Case No. 1:11-cv-5886 ) |
| Plaintiffs, | ) )  Hon. Joan Humphrey Lefkow ) |
| v. | )  Magistrate Judge Young B. Kim ) ) |
| LEADING EDGE RECOVERY SOLUTIONS, LLC and CAPITAL ONE BANK (USA), N.A., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT CAPITAL ONE'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs' Opposition to Capital One's Motion to Dismiss ("Opposition") improperly relies on factual allegations not pleaded in the Complaint and misconstrues applicable legal authorities in attempting to survive Capital One's motion to dismiss. For the reasons stated in Capital One's Memorandum of Law in Support of Its Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Opening Brief"), the Court should dismiss Plaintiffs' Complaint.

**I.     PLAINTIFFS IMPROPERLY RELY ON FACTS NOT PLEADED IN THE
         COMPLAINT, WITHOUT WHICH THEIR TCPA CLAIM FAILS**

Plaintiffs' Opposition is rife with factual allegations they did not plead in the Second Amended Complaint (SAC). As they must, Plaintiffs admit that a number of their allegations "are not made" in the SAC, but argue that because they are somehow "consistent with its allegations," the Court should consider them in ruling on Capital One's motion to dismiss.[1]

---

[1] These allegations include the assertions (i) that either Plaintiff has relatives who are Capital One credit card holders with outstanding debts, (ii) that Capital One, or Leading Edge on its behalf, called either Plaintiff with the "specific intent" to apply pressure on their relatives to pay outstanding debts; (iii) that Leading Edge called plaintiff Mack "ten times" during September 2010; (iv) that Capital One, or Leading Edge on its behalf, made calls "intended

(Opp. at 2 n.2.) This unsupported argument is directly contrary to applicable Seventh Circuit law. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (attempt to supplement complaint in motion to dismiss briefing was "fruitless"). Thus, the Court may consider only the allegations actually made in the operative pleading in determining whether Plaintiffs have sufficiently pled an actual injury-in-fact to show constitutional standing.

The SAC contains a single paragraph alleging the Plaintiffs' injury. It states that Plaintiffs were "substantially damaged by defendants' calls," because either (i) their "privacy was improperly invaded," (ii) "they were annoyed," or because (iii) they "were forced to use airtime in their cell phone plans and [were] forced to tend to the unwanted calls." (SAC ¶ 21.) To survive a motion to dismiss, therefore, one of these three allegations of injury-in-fact must be constitutionally sufficient to give the Plaintiffs standing. For the reasons stated in Capital One's Opening Brief, none is. (*See* Opening Br. 3-9.) The Complaint should be dismissed.

## II. PLAINTIFFS MISCONTRUE APPLICABLE LEGAL AUTHORITIES

Plaintiffs' Opposition notably fails to address many of the arguments made and authorities cited in Capital One's Opening Brief. (*Compare* Opening Br. 6-9, *with* Opp. 6-11.) For example, Plaintiffs do not acknowledge that *Crabill v. Trans Union, L.L.C.*, a case on which they heavily rely, reached a conclusion contrary to the one they advocate here: it affirmed the grant of summary judgment to a credit reporting agency in part because the consumer did not have standing to recover statutory attorneys' fees under the Fair Credit Reporting Act (FCRA). *See* 259 F.3d 662, 664-67 (7th Cir. 2001). Nor do the Plaintiffs mention *Crabill*'s express

---

to invade Mr. Mack's privacy"; and (v) that Plaintiffs' cell phone minutes were "valuable and scarce." (Opp. at 2, 5 n.4, 9.) The Court should ignore these and any other factual allegations not pled in the Complaint.

2

limitations that (1) FCRA plaintiffs can recover only "for redressing an injury of some sort" or (2) that its implications for "other consumer-protection statutes," such as the Telephone Consumer Protection Act (TCPA), "remain for consideration in future cases." *Id.* at 666-67. The Court should reject Plaintiffs' citation to dicta in an otherwise unhelpful case.

To be sure, the Plaintiffs cite a handful of cases that have upheld a TCPA plaintiff's Article III standing. (*See* Opp. 5, and cases cited.) As it did in its Opening Brief, Capital One acknowledges that these cases did not dismiss TCPA claims for lack of standing. (*See* Opening Br. 6-7.) But because these few authorities are either distinguishable or unpersuasive, and because the Supreme Court is currently considering a case that may bear on this issue, this Court should hold that TCPA Plaintiffs must allege more than the Plaintiffs did here.

Many of Plaintiffs' authorities are unpersuasive and not binding on this Court. *D.G. ex rel. Tang v. William W. Siegel & Associates*, for example, assumed the answer to the question posed in this case when it found that the plaintiff had *statutory* standing merely by having received an allegedly proscribed call; the court never addressed the constitutional issue. *See* 791 F. Supp. 2d 622, 624-25 (N.D. Ill. 2011). *Cf. Leyse v. Bank of Am., N.A.*, 2010 WL 2382400, at *4-6 (S.D.N.Y. June 14, 2010) (*granting* a motion to dismiss for lack of subject-matter jurisdiction because the plaintiff lacked statutory standing as a "called party" under the TCPA). And the cases that *do* address the issue simply misread *Crabill*, as Capital One explained in its Opening Brief, and which the Plaintiffs failed to rebut. (*See* Opening Br. 6-7.)

Plaintiffs cite a number of cases decided under the Fair Debt Collection Practices Act, but those are distinguishable. (*See* Opp. 6-7.) That is, as the court in *Crabill* implied, each consumer-protection statute may have factors that need to be addressed in "future cases," on a statute-by-statute and case-by-case basis. *See* 259 F.3d at 667.

At the very least, this Court should wait for further guidance from the Supreme Court, which is currently considering a materially similar issue. As Leading Edge explains in its Reply (*see* Dkt. No. 62, at 3), this case is much like *First American Financial Corporation v. Edwards* (S. Ct. argued Nov. 28, 2011). Both cases concern whether a plaintiff alleging violation of a consumer-protection statute has satisfied constitutional injury-in-fact requirements without alleging that the purportedly illegal conduct cost them anything. In *Edwards*, the question is whether an illegal kickback scheme involving title insurance proceeds under the Real Estate Settlement Procedures Act (RESPA) harmed the plaintiff when she admittedly paid the same amount for the title insurance as she would have without the illegal conduct. Here, the question is whether Plaintiffs' failure to claim that the allegedly proscribed phone calls harmed them when they do not allege they paid any more for their cell phone bills even after receipt of the allegedly illegal calls. Once again, to the extent that the Supreme Court may alter the legal landscape involving constitutional standing under consumer protection statutes, this Court should hold that Plaintiffs' allegations of injury-in-fact fail to satisfy Article III. (*See* Opening Br. 5.)

Finally, Plaintiffs' citation to a Federal Communications Commission (FCC) order does not change the analysis. The relevant FCC order can only speculate that consumers' cell phone minutes "*could* be exceeded more quickly" if they "receive numerous unwanted telemarketing calls" under a so-called "bucket" plan. (*See* Opp. 9, citing FCC order.) That is not this case, as the Plaintiffs do not allege that their cell phone minutes were "exceeded more quickly" or that they paid more for the allegedly proscribed phone calls. (*See* SAC ¶ 21; *compare* Opening Br. 7.) And even if the Plaintiffs had made this allegation, such speculative and threadbare assertions would not suffice to state a claim for relief. (*See* Opening Br. 7-8, and cases cited.)

## **CONCLUSION**

"The requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1151 (2009). Plaintiffs' Complaint in this case would effectively nullify this "hard floor" of Article III jurisdiction by permitting TCPA plaintiffs to merely allege "annoyance" or an "invasion of privacy," without more, to get into federal court. Pending the Supreme Court's decision in *Edwards*, this Court should dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction.

Dated: April 24, 2012

                                              Respectfully submitted,

                                              CAPITAL ONE BANK (USA), N.A.

                                              By: /s/ Aaron D. Van Oort
                                                   One of its attorneys

Ernest Summers (No. 3126432)
Trina K. Taylor (No. 6297760)
Faegre Baker Daniels LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel.: (312) 212-6553
Fax: (312) 212-6501
ernie.summers@FaegreBD.com
trina.taylor@FaegreBD.com

Aaron D. Van Oort (MN No. 315539)
Erin L. Hoffman (MN No. 0387835)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
aaron.vanoort@FaegreBD.com
erin.hoffman@FaegreBD.com

fb.us.8445653.02

**CERTIFICATE OF SERVICE**

   I certify that on April 24, 2012, a copy of the foregoing Defendant Capital One's Memorandum of Law In Support of Its Motion to Dismiss For Lack of Subject Matter Jurisdiction was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                     By: /s/ Aaron D. Van Oort

Ernest Summers (No. 3126432)
Trina K. Taylor (No. 6297760)
Faegre Baker Daniels LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel.: (312) 212-6553
Fax: (312) 212-6501
ernie.summers@FaegreBD.com
trina.taylor@FaegreBD.com

Aaron D. Van Oort (MN No. 315539)
Erin L. Hoffman (MN No. 0387835)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
aaron.vanoort@FaegreBD.com
erin.hoffman@FaegreBD.com