**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, et al., | ) | |
| | ) | |
| Plaintiffs | ) | 11-cv-5886 |
| | ) | |
| v. | ) | |
| | ) | Judge Lefkow |
| | ) | |
| LEADING EDGE RECOVERY | ) | |
| SOLUTIONS, LLC *et al.,* | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT LEADING EDGE RECOVERY SOLUTIONS, LLC'S RESPONSE TO**
**PLAINTIFFS' CITATION TO ADDITIONAL AUTHORITY (dkt. 69)**

Defendant LEADING EDGE RECOVERY SOLUTIONS, LLC, submits the following

Response to Plaintiffs' Citation to Additional Authority:

**Introduction**

There is no merit to Plaintiffs' breathless citation to the *Soppet* decision as a basis to deny

Defendant's Motion to Dismiss. The statements upon which Plaintiffs rely are nothing more than

*dicta,* which are not supported by the record in *Soppet* or this case. As discussed below, the sole

issue before *Soppet* was the proper meaning of the term "called party." *Soppet* was never asked

to consider the issues before this Court - whether: (a) the dilution of minutes on a flat rate phone

plan or (b) "annoyance" constituted injuries for purposes of satisfying Article III standing.

**Argument**

Paragraph 21 of the Second Amended Complaint ("SAC") alleges that "Plaintiffs . . .

were forced to use *airtime in* their cell phone plans." Defendant moved to dismiss on the

grounds that Plaintiffs failed to allege that they suffered any monetary damages such as "phone

charges in excess of their monthly charges." Dkt. 39, p. 3. *Soppet* simply held that the TCPA's

term "called party" requires debt collector to have the consent of the current subscriber of the

cell phone when making a call. The remaining portions of the *Soppet* opinion that Plaintiffs have cited to are nothing more than *dicta*.[1]

First, the parties in *Soppet* never briefed whether the plaintiffs where charged for any calls or whether alleged "annoyance" constituted an Article III injury. *See* Group Exhibit A (summary judgment pleadings); Exhibit B (district court order); Group Ex. C (interlocutory appeal); and Group Ex. D (appellate briefs). Second, there were no allegations, facts or arguments in the record to support the *Soppet* court's *dicta* statement that the plaintiffs utilized or were charged for any minutes above and beyond their customary monthly charges. The same is true here. Third, *Soppet* committed an error of reasoning when it *speculated* that the plaintiffs incurred charges through used minutes. *Soppet* should have taken judicial notice that cell phone subscribers generally pay flat monthly rates for cell phone usage. http://www.letstalk.com/us-cellular-wide-area-700. Under such a plan, a consumer will only be charged for additional minutes at a per minute rate if she exceeds her monthly allotment of minutes. *Id.*[2] There was nothing in the record to suggest that this happened to either plaintiff in *Soppet*. In summary, *Soppet* cannot not stand for the proposition—that depleted minutes constitute an injury in fact— for which Plaintiffs cite it. Fourth, there is no merit to Plaintiffs' argument that *Soppet* held that "annoyance" constitutes an Article III injury under the TCPA, as this issue was also not before the court. Alternatively, Plaintiffs' so-called annoyance argument is severely undermined by the

---

[1]   The *Soppet* court's discussion of minutes and annoyance were not necessary to reach the court's outcome. Accordingly, such statements are "purely dicta" and "do[] not constitute the law of the case or any other binding precedent." *Thomas & Betts Corp. v. Panduit Corp.,* 138 F.3d 277, 289 n. 4 (7th Cir.1998). The Seventh Circuit has similarly expressed that "[Dicta] are non-binding for two reasons. First, not being integral elements of the analysis underlying the decision . . . they may not express the judges' most careful, focused thinking. Second, to give the inessential parts of an opinion the force of law would give judges too much power, and of an essentially legislative character . . . ." *Wilder v. Apfel,* 153 F.3d 799, 803 (7th Cir.1998).

[2]   Defendant has cited to U.S.Cellular's "Wide Area 700" plan because that is the cell phone plan that was associated with the David Mack's alleged cell phone number ending in 9181. See Group Exhibit E, p. 18.

130310445  0927670

fact that Plaintiff Martin has alleged that he was called on only one occasion in September of 2010. *See* SAC ¶¶ 13-14, 38. One call cannot constitute "annoyance" let alone satisfy Article III standing. Further, there no allegations to suggest that Plaintiff Mack was called more than once.

If anything, *Soppet* supports dismissal on the alternative ground that neither of the Plaintiffs have alleged that they are the subscriber to the subject phone numbers. *Soppet* repeatedly cited the a so-called cell phone subscriber. Plaintiff Martin has not alleged that he is the subscriber of the subject telephone. SAC, ¶ 5. As for Plaintiff Mack, the record in an other case demonstrates that the subscriber to his cell alleged phone is his brother Chris Mack. Group Exhibit E (Defendant's Response to Motion to Compel, p. 2).

Contrary to Plaintiffs' argument, *Soppet* does not require this Court to deny either Defendants' Motion to Dismiss. Plaintiffs have suffered no actual injuries, and thus, dismissal is proper. *Doe v. Chao,* 540 U.S. 614, 624-25 (2004) (only a plaintiff "subjected to an adverse effect has injury enough to open the courthouse door").

Date: May 25, 2012                                   Respectfully submitted, counsel for Defendant

                                                    /s/ James C. Vlahakis
                                                    James C. Vlahakis
                                                    222 N. LaSalle, Suite 300
                                                    Chicago, IL 60601
                                                    312-704-3000
                                                    jvlahakis@hinshawlaw.com

130310445 0927670

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2012, I electronically filed the above notice of motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
Attorney for Defendant
222 North LaSalle, Suite 300
Chicago, IL 60601
tel 312-704-3715

130310445 0927670