IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC and CAPITAL ONE BANK (USA) N.A.,<br>    Defendants. | 1:11-cv-5886<br>Judge Lefkow<br>Magistrate Judge Kim<br><br>JURY DEMANDED |

**PLAINTIFF'S SECOND MOTION FOR LEAVE TO SUBMIT ADDITIONAL AUTHORITY**

Plaintiffs respectfully request that this Court consider the United States Supreme Court's order in *First American Financial Corp., v. Edwards*, case no. 10-278, 567 U. S. __ (June 28, 2012), in support of plaintiff's opposition to the motions to dismiss in this case. In support of this motion, plaintiffs state:

1. This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA") case against a debt collection agency and credit issuer, for making improper automated debt collection telephone calls to plaintiffs' cell phones. Defendants called plaintiffs and the class using predictive dialers and prerecorded messages, even though plaintiffs had nothing to do with the alleged debt.

2. Defendants have both moved for dismissal of this case, arguing that the TCPA is unconstitutional as applied to plaintiffs because it authorizes lawsuits in federal court where the only injury alleged is being subjected to annoying automated phone calls. The genesis of this argument was the fact that the United States Supreme Court had granted certiorari in *First American Financial Corp. v. Edwards*, case no. 10-278. The issue in Edwards was whether actual

1

damages were a Article III Constitutional prerequisite to having a case or controversy in federal court, and justify statutory damages.

3. On June 28, 2012, the Supreme Court issued a *Per Curiam* order stating, "The writ of certiorari is dismissed as improvidently granted."

4. Thus, the Ninth Circuit's opinion, *Edwards v. First American Corp.*, 610 F.3d 514 (9th Cir. 2010), which held that the "injury required by Article III can exist solely by virtue of statutes creating legal rights, the invasion of which creates standing" remains good law. This Court should follow *Edwards*.

5. In any event, counsel understands that this Court was waiting for this decision to decide the motions to dismiss in this case. Because the Supreme Court has disposed of *Edwards*, the pending motions to dismiss are ripe for decision

6. The motions to dismiss in this case should be denied because of the reasons identified in *Edwards*, 610 F.3d 514, because the calls constituted invasions of privacy and because the calls caused plaintiffs and the class to use minutes on their cellular telephone plans.

7. Judge Kim has stayed discovery while these motions to dismiss are pending. Plaintiff also respectfully suggests that the discovery stay should be lifted.

8. Disposition of *Edwards*, and *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637 (7th Cir. 2012) (which was the subject of a previous motion for additional authority by plaintiff) provides a clear route to speedy resolution of the motions to dismiss, so that this case can get back on track.

WHEREFORE, Plaintiffs respectfully request that this Court consider the United States Supreme Court's order in *First American Financial Corp., v. Edwards*, case no. 10-278, 567 U. S. __ (June 28, 2012), in support of plaintiff's opposition to the motions to dismiss in this case.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

(Slip Opinion) Cite as: 567 U. S. ____ (2012) 1

Per Curiam

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 10–708

FIRST AMERICAN FINANCIAL CORPORATION, SUCCESSOR IN INTEREST TO THE FIRST AMERICAN CORPORATION, ET AL., PETITIONERS *v.* DENISE P. EDWARDS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[June 28, 2012]

PER CURIAM.

The writ of certiorari is dismissed as improvidently granted.

*It is so ordered.*