**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC and CAPITAL ONE BANK (USA) N.A.,<br>    Defendants. | 1:11-cv-5886<br>Judge Lefkow<br>Magistrate Judge Kim<br><br>JURY DEMANDED |

**PLAINTIFFS' MOTION TO LIFT STAY**

Plaintiffs respectfully request that this Court lift the stay in this action because the primary justification behind defendants' motions to dismiss has been resolved in favor of plaintiff. In support of this motion, plaintiffs state:

1.    This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA") case against a debt collection agency and credit issuer, for making improper automated debt collection telephone calls to plaintiffs' cell phones. Defendants called plaintiffs and the class using predictive dialers and prerecorded messages, even though plaintiffs had nothing to do with the alleged debt.

2.    Defendants have both moved for dismissal of this case, arguing that the TCPA is unconstitutional as applied to plaintiffs because it authorizes lawsuits in federal court where the only injury alleged is being subjected to annoying automated phone calls. This argument was based upon a hope that the United States Supreme Court would render cases like this one unconstitutional in *First American Financial Corp. v. Edwards*, case no. 10-278. The issue in Edwards was whether actual damages were a Article III Constitutional prerequisite to having a case or controversy in federal court, and justify statutory damages.

1

3. While those motions remain pending, on June 28, 2012, the Supreme Court issued a *Per Curiam* order in Edwards stating, "The writ of certiorari is dismissed as improvidently granted."

4. Dismissal of *certiorari* in *Edwards* means that Seventh Circuit precedent holding that statutory damages are compensable without proof of actual damages is still the Law of the Land in this (and every other) Circuit:

> individual losses, if any, are likely to be small—a modest concern about privacy, a slight chance that information would leak out and lead to identify theft. … actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury."

*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 952-53 (7th Cir. 2006); see also, *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 665 (7th Cir. 2001).

5. Furthermore, when the parties were last before District Judge Lefkow in late spring 2012, she appeared surprised, and almost concerned, when she learned that discovery had been stayed.

6. Plaintiff does not meant to suggest that the stay was somehow improper: certainly this Court has discretion to stay discovery. But given that defendants' motions to dismiss were based in large part upon hopes that *Edwards* would go their way, and it did not, it seems that it may be appropriate to lift the say and get this case moving.

WHEREFORE, Plaintiffs respectfully request that this Court lift the stay in this action because the primary justification behind defendants' motions to dismiss has been resolved in favor of plaintiff.

Respectfully submitted,

/s/Alexander H. Burke

2

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com