**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated, | ) ) ) 1:11-cv-5886 |
| Plaintiffs, | ) Judge Lefkow ) Magistrate Judge Kim |
| v. | ) ) JURY DEMANDED |
| LEADING EDGE RECOVERY SOLUTIONS, LLC and CAPITAL ONE BANK (USA) N.A., | ) ) ) |
| Defendants. | |

**NOTICE OF ADDITIONAL AUTHORITY**

Plaintiff hereby provides notice to the Court of the attached District Court decision, *Torres v. National Enterprise Systems, Inc.*, 1:12-cv-2267, 2012 U.S. Dist. LEXIS 110514 (N.D.Ill. Aug. 7, 2012) (Der-Yeghiayan, J.), which deals with issues relating to defendants' motions to dismiss in this action.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com



2 of 4 DOCUMENTS

**CHRISTINA TORRES, Plaintiff, v. NATIONAL ENTERPRISE SYSTEMS, INC., Defendant.**

No. 12 C 2267

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*2012 U.S. Dist. LEXIS 110514*

**August 7, 2012, Decided**
**August 7, 2012, Filed**

**COUNSEL:** [*1] For Christina Torres, Plaintiff: Craig M. Shapiro, Timothy J. Sostrin, Keith James Keogh, Keogh Law, Ltd., Chicago, IL.

For National Enterprise Systems Inc, Defendant: David M Schultz, LEAD ATTORNEY, James Constantine Vlahakis, Hinshaw & Culbertson, Chicago, IL.

**JUDGES:** Samuel Der-Yeghiayan, United States District Court Judge.

**OPINION BY:** Samuel Der-Yeghiayan

**OPINION**

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant National Enterprise Systems, Inc.'s (NES) partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is denied.

**BACKGROUND**

Plaintiff Christina Torres (Torres) alleges that NES is a debt collection company. Torres claims that she received "numerous calls" (Phone Calls) sometime within the last four years from NES on her cellular telephone that delivered a prerecorded message to Torres' voicemail. (A Compl. Par. 13). Torres contends that the Phone Calls were made by NES using an automatic telephone dialing system in violation of the Telephone Consumer Protection Act (TCPA), *47 U.S.C. § 227 et seq.*

Torres also alleges that in January 2012, NES telephoned her and indicated that it was attempting to collect a past due amount on Torres' [*2] husband's student loan. Torres allegedly orally agreed to make a final one-time payment of $400.00 to resolve the outstanding debt, and Torres apparently gave NES some type of authorization to make a withdrawal from her bank account. NES subsequently sent Torres a letter indicating that $400.00 would be withdrawn from Torres' bank account and that NES would withdraw an additional payment of $2,295.53. Torres claims that even though she called NES and indicated that she did not authorize the $2,295.53 withdrawal, NES proceeded with the withdrawal, causing Torres' bank account to become overdrawn. Torres contends that the alleged unauthorized withdrawal violated the Fair Debt Collection Practices Act (FDCPA), *15 U.S.C. § 1692 et seq.* Torres includes in her amended complaint a TCPA claim (Count I), and a FDCPA claim (Count II). NES has filed an answer to the FDCPA claim and moves to dismiss the TCPA claim.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) (*Rule 12(b)(1)*) requires a court to dismiss an action when it lacks subject matter jurisdiction. *Fed. R. Civ. P. 12(b)(1)*; see also *Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995)*(stating that when reviewing a motion to dismiss [*3] brought under *Rule 12(b)(1)*, the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). When

subject matter jurisdiction is not apparent on the face of the complaint and is contested, "'the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager, 188 F.3d 852, 855-56 (7th Cir. 1999)*(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co., 78 F.3d 1208, 1210 (7th Cir. 1996))*. The burden of proof in regards to a *Rule 12(b)(1)* motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

In ruling on a motion to dismiss brought pursuant to *Federal Rule of Civil Procedure 12(b)(6)* (*Rule 12(b)(6)*), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2012)*; *Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002)*. [*4] A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007)*(quoting in part *Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007))*; see also *Morgan Stanley Dean Witter, Inc., 673 F.3d at 622* (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal, 556 U.S. 662 (2009))*(internal quotations omitted).

**DISCUSSION**

NES argues that the TCPA claim should be dismissed for lack of subject matter jurisdiction and should be dismissed in the alternative based upon a failure to state a valid claim for relief.

I. Subject Matter Jurisdiction

NES argues that this court lacks subject matter jurisdiction [*5] over the TCPA claim based upon NES's contention that Torres lacks standing to bring a TCPA claim. Article III of the federal Constitution authorizes "federal courts to adjudicat[e] actual 'Cases' or 'Controversies.'" *Booker-El v. Superintendent, Indiana State Prison, 668 F.3d 896, 899 (7th Cir. 2012)*(quoting in part *U.S. Const. art. III, § 2, cl. 1)*. In order to establish Article III standing, a plaintiff must establish: "(1) an injury in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court." *Id.* (quoting *Parvati Corp. v. City of Oak Forest, Ill., 630 F.3d 512, 516 (7th Cir. 2010))*. NES argues that Torres has not alleged facts that indicate that she suffered an injury in-fact from the Phone Calls. NES asserts that Torres does not allege that she suffered any specific monetary or physical damages from the Phone Calls. Torres indicates in her amended complaint that the messages from the Phone Calls used up Torres' cellular phone minutes, which were limited. (A Compl. Par. 20-21). A monetary value could be assessed based on the amount Torres paid for cellular services. Thus, Torres' allegations suggest a monetary [*6] harm to Torres. NES argues that there are no facts in the amended complaint as to whether Torres ultimately exceeded her allotted cellular minutes or needed to pay for additional minutes. It is true that a "plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court." *McNamara v. City of Chicago, 138 F.3d 1219, 1221 (7th Cir. 1998)*. However, an evidentiary analysis regarding issues such as whether Torres used up all her cellular minutes or whether the minutes used by NES's message would have been otherwise used for other purposes by Torres is premature at this juncture.

In addition, even aside from the potential monetary losses, Torres alleges that the Phone Calls were a nuisance and that they invaded her privacy. Article III standing can be premised upon such non-monetary and non-physical injuries. *See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 562-63 (1992)*(stating that "the desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizable interest for [*7] purpose of standing"); *Petit v. City of Chicago, 31 F.Supp.2d 604, 612 (N.D. Ill. 1998)*(indicating an "emotional injury" can be sufficient for Article III standing). The harm alleged by Torres is not some type of abstract and hypothetical injury. Torres clearly indicates that the unsolicited phone messages on her cell phone are directly connected to the alleged concrete nuisance to her and the invasion of her privacy. *See Allen v. Wright, 468 U.S. 737, 751 (1984)*(stating that the injury must be "fairly traceable to the defendant's allegedly unlawful conduct"); *City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983)* (stating that "[a]bstract injury is not enough"). Causing a nuisance to Torres and invading her privacy would be an injury to Torres. While NES may dispute whether it in fact engaged in such conduct and dispute whether the harm to Torres was anything more than a minimal inconvenience to Torres, such issues relate to the merits of Torres' claims and the amount of damages in this case, not to whether Torres

has shown standing to bring the instant action. The court also notes that statutory damages are available under the TCPA. *47 U.S.C. § 227(b)*.

In addition, the court notes [*8] that it is apparent that the injury alleged by Torres is exactly the type of injury that Congress created the TCPA in order to redress. Congress was clearly not intending the TCPA to cover only rare instances when a phone message by a defendant could somehow be tied to a direct monetary loss or physical harm to the plaintiff. Under such a standard, defendants such as NES would be virtually immune to TCPA claims. In fact, Congress created the TCPA to specifically address the nuisance and invasion of privacy resulting from phone calls such as those alleged in the instant action. *See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009)*(explaining that "[t]he TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls" and "[t]he consumers complained that such calls are a 'nuisance and an invasion of privacy'")(quoting in part S.Rep. No. 102-178, at 1 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968). Torres has alleged sufficient facts to show that she has standing to bring the instant action. Therefore, this court has subject matter jurisdiction to hear the TCPA claim.

II. Sufficiency of Allegations

NES [*9] also argues that Torres has not alleged sufficient facts to state a valid TCPA claim. The TCPA provides the following:

> (b) Restrictions on use of automated telephone equipment
>
> (1) Prohibitions    It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) *using any automatic telephone dialing system or an artificial or prerecorded voice--* . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

*47 U.S.C. § 227(b)(1)*(emphasis added). NES argues that there are no allegations in the amended complaint that indicate that the Phone Calls were made using an automatic telephone dialing system. However, the TCPA also prohibits calls "using . . . an artificial or prerecorded voice," which Torres alleges occurred in this case. In addition, Torres expressly alleges repeatedly in her amended complaint that NES used [*10] an automatic telephone dialing system. (A Compl. Par. 14-16, 18-19). NES argues that the amended complaint lacks sufficient details to plausibly suggest that NES used an automatic telephone dialing system. NES argues that the mere fact that Torres received messages with a pre-recorded voice does not necessarily mean that an automatic telephone dialing system was used. NES, however, is seeking to address evidentiary issues that are premature at this juncture. At the summary judgment stage, Torres will need to point to sufficient evidence showing that the manner in which the Phone Calls were made to Torres violated the TCPA. Torres' allegations indicate that an "automatic telephone dialing system or an artificial or prerecorded voice" was used by NES, which is sufficient at this juncture. *Id.* Nor would it even be reasonable to hold plaintiffs in TCPA cases to the standard proposed by NES since it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used for a communication left on a plaintiff's voicemail. Under such a standard, defendants such as NES would be virtually immune to TCPA claims, which clearly is not [*11] what was intended by Congress in creating the TCPA. *See, e.g., Satterfield, 569 F.3d at 954*. Thus, Torres has stated a valid TCPA claim, and the motion to dismiss the TCPA claim is denied.

**CONCLUSION**

Based on the foregoing analysis, NES's motion to dismiss the TCPA claim is denied.

/s/ Samuel Der-Yeghiayan

Samuel Der-Yeghiayan

United States District Court Judge

Dated: August 7, 2012