IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICHOLAS MARTIN and DAVID )
MACK on behalf of themselves and others )
similarly situated, )
                                        )
        Plaintiffs,                     )    Court No: 1:11-cv-5886
                                        )
v.                                      )    Judge Lefkow
                                        )
LEADING EDGE RECOVERY                   )    Magistrate Judge Kim
SOLUTIONS, LLC, and CAPITAL ONE         )
BANK (USA) N.A.,                        )
                                        )
        Defendants.                     )

## CAPITAL ONE BANK (USA) N.A.'S ANSWER
## TO PLAINTIFFS' SECOND AMENDED COMLAINT

Defendant Capital One Bank (USA), N.A. ("Capital One"), by and through its

undersigned counsel, answers Plaintiffs' Second Amended Complaint as follows:

1.      The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA")
prohibits using telephone equipment that has the "capacity to dial without human intervention"
and "artificial or prerecorded voice" to call cellular telephones in attempts to collect debts, unless
"the wireless number was provided by the consumer to the creditor, and that such number was
provided during the transaction that resulted in the debt owed." *In re Rules and Regulations
Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd.
559, 565 paragraph 10 (January 4, 2008).

**ANSWER**:    Capital One admits that Plaintiffs accurately cited select portions of 23

FCC Rcd. 559 out of their original context, except that Plaintiffs omitted the word "numbers"

from the quote "capacity to dial [numbers] without human intervention" and cited the incorrect

page and paragraph numbers. To the extent Plaintiffs' characterization of the statute are

incomplete and out of context, Capital One denies the remaining allegations in Paragraph 1.

2.      Defendants called plaintiffs' cellular telephones using such equipment, even
though defendants knew, or should have known, that neither of plaintiffs' cellular telephone

numbers were provided to either defendant by the called party in connection with the debt being collected.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations against Leading Edge in Paragraph 2. Capital One denies the allegations against Capital One in Paragraph 2.

## JURISDICTION AND VENUE

3.    The Court has federal question jurisdiction over the FDCPA and TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If *Brill* were to be abrogated or overruled, there is supplemental jurisdiction over the TCPA claims. There is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of defendant, and the amount in controversy exceeds $5,000,000.

**ANSWER**:    Capital One admits that this Court has subject matter jurisdiction but denies the remaining allegations in Paragraph 3 and denies that Plaintiffs are entitled to pursue this action on behalf of the identified Class.

4.    Venue is proper because a substantial portion of the events complained of occurred in this District.

**ANSWER**:    Capital One admits that venue is proper in this District.

## PARTIES

5.    Plaintiffs are individuals who reside separately, each in this District. Plaintiff Martin's cellular telephone number is 630-xxx-3271. Plaintiff Mack's cellular telephone number is 773-xxx-9181.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.    Leading Edge is a debt collection agency located in Chicago, Illinois.

**ANSWER**:    Based on information available to Capital One, it admits the allegations in Paragraph 6.

7.    Cap One is a national bank that issues credit cards. It is located in Virginia and does business in this District.

**ANSWER**:    Capital One admits that it is a national bank that issues credit cards, that

its principal offices are located in Virginia, and that it does business within this District.

## FACTS

8.    The TCPA prohibits the use of any "automatic telephone dialing systems" to call
cellular telephones. It also prohibits the use of any artificial or prerecorded voice in such calls.

**ANSWER**:    Plaintiffs' characterization of the TCPA, 47 U.S.C. §227(b), is materially

incomplete. Capital One therefore denies the allegations in Paragraph 8.

9.    "Automatic telephone dialing system" means any equipment that has the
"*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv.,
Inc.*, 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

**ANSWER**:    Capital One admits that the FCC has determined that "automatic telephone

dialing system" includes equipment that has the "capacity to dial numbers without human

intervention" but denies the remaining allegations in Paragraph 9.

10.    Leading Edge used dialing equipment, along with Aspect Software, to dial
telephone calls in 2010. Exhibit A. Upon information and belief, Cap One and/or its affiliates use
similar dialing technology and equipment to make millions of debt collection calls as part of
dialing campaigns during 2010.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 10.

11.    The dialing equipment Leading Edge used in 2010 had the capacity to dial
numbers as part of a dialing campaign, where an employee loaded a batch of telephone numbers
into the system, and the system automatically dialed the numbers.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 11.

12.    Similarly, upon information and belief, the dialing equipment Cap One (or its
affiliates) used in 2010 had the capacity to dial numbers as part of a dialing campaign, where an
employee loaded a batch of telephone numbers into the system, and the system automatically
dialed the numbers. Upon information and belief, Cap One used an Avaya dialer with Aspect
software, too.

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the dialing equipment used by its unspecified "affiliates" in 2010. Capital One admits that one segment of its business used an Avaya dialer in 2010, that a different segment of its business used Aspect software in 2010, and that its dialers automatically dialed numbers. Capital One denies the remaining allegations in Paragraph 12.

13. Leading Edge used the same dialing equipment that it used to do dialing campaigns, along with its Aspect Software, to dial plaintiff Martin's cell phone number in September 2010.

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Nicholas Martin did not give the phone number 630-xxx-3271 to Leading Edge or Cap One, in connection with any account Leading Edge was collecting when it called that number in September 2010.

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Leading Edge called the above-referenced number in September 2010 or that Martin provided the phone number to Leading Edge in connection with any account Leading Edge was collecting. Capital One denies the remaining allegations in Paragraph 14.

15. Leading Edge used the same dialing equipment that it used to do dialing campaigns, along with its Aspect Software, to dial plaintiff Mack's cell phone number in 2010.

**ANSWER**: Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. David Mack did not give the phone number 773-xxx-9181 to Leading Edge or Cap One, in connection with the account Leading Edge was collecting when it called that number in September 2010.

FB_US 9050359v1

**ANSWER:** Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Leading Edge called the above-referenced phone number in September 2010 or that Mack provided the phone number to Leading Edge in connection with any account Leading Edge was collecting. Capital One denies the remaining allegations in Paragraph 16.

17     Upon information and belief, there were more autodialed calls from Leading Edge to plaintiff Mack and/or Martin's cell phones, in addition to those in September 2010. These additional calls may be associated with other accounts Leading Edge was collecting.

**ANSWER:** Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18     Cap One provided plaintiffs' cell phone numbers 630-xxx-3271 and 773-xxx-9181 to Leading Edge, as part of the account it asked Leading Edge to collect.

**ANSWER:** Capital One admits the allegations in Paragraph 18.

19     Upon information and belief, Cap One or its affiliate called 630-xxx-3271 and/or 773-xxx-9181, in connection with the collection of debts, at some point between 2007 and 2011.

**ANSWER:** Capital One admits that it called 773-xxx-9181 in connection with the collection of debts at some point between 2007 and 2011 but denies the remaining allegations in Paragraph 19.

20     Upon information and belief, some or all of Cap One's calls to 630-xxx-3271 and/or 773-xxx-9181 were made using predictive dialing equipment. Further, upon information and belief, some such calls used a prerecorded or artificial voice, too.

**ANSWER:** Capital One denies that it called 630-xxx-3271. Capital One admits that it called 773-xxx-9181 as part of its attempt to collect debt owed to Capital One, that some calls were made using predictive dialing equipment, and that some calls used a prerecorded voice.

21     Plaintiffs and the class were substantially damaged by defendants' calls. Their privacy was improperly invaded, they were annoyed and were forced to use airtime in their cell phone plans and forced to tend to the unwanted calls.

FB_US 9050359v1

**ANSWER**:    Capital One denies the allegations in Paragraph 21 and denies that Plaintiffs are entitled to pursue this action on behalf of the identified Class.

## COUNT I – TCPA

22.    Plaintiffs incorporate all previous paragraphs of this complaint. This Count is against all defendants.

**ANSWER**:    Capital One incorporates the previous paragraphs as though set forth herein.

23.    It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

**ANSWER**:    Plaintiffs' characterization of the TCPA, 47 U.S.C. §227(b), is materially incomplete. Capital One therefore denies the allegations in Paragraph 23.

24.    Leading Edge made the calls that are the subject of this lawsuit in attempts to collect alleged Capital One debts. The calls were made on behalf of Capital One.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.    Plaintiffs and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendants' calling of their cell phones using an automatic telephone dialing system and using an artificial or prerecorded voice.

**ANSWER**:    Plaintiffs' paragraph is unintelligible and Capital One therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25. Capital One further denies that Plaintiffs are entitled to pursue this action on behalf of the identified Class.

26.    The defendants' calls were negligent, or alternatively, they were willful.

**ANSWER**:    Capital One denies the allegations of Paragraph 26.

FB_US 9050359v1

## Class Allegations

27.     Plaintiffs brings Count I on behalf of a class, which consists of:

All persons with Illinois telephone numbers who either defendant called in an attempt to collect an alleged Capital One debt, on their cell phone, using equipment that has the capacity to dial numbers without human intervention and/or using an artificial or prerecorded voice, where defendants' records do not show that the phone number called was provided by the called party in connection with the alleged debt that was being collected, where any such call was made on or after August 25, 2007.

**ANSWER**:     Capital One admits that Plaintiffs purport to bring Count I on behalf of the

class described in Paragraph 27 but denies that Plaintiffs are entitled to pursue this action on

behalf of the identified Class.

28.     Upon information and belief, based upon industry practices, defendant Leading Edge called more than 5,000 Illinois, Indiana and Wisconsin cell phone numbers during 2010, with respect to alleged Cap One accounts, where neither Leading Edge nor Cap One obtained the cell phone number through the called party voluntarily providing such in connection with the debt being collected.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 28.

29.     Upon information and belief, based upon industry practices, defendant Cap One called more than 5,000 Illinois, Indiana and Wisconsin cell phone numbers during 2010, with respect to alleged Cap One accounts, where Cap One did not obtain the cell phone number through the called party voluntarily providing such in connection with the debt being collected.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 29.

30.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiffs. Such questions common to the Class include, but are not limited to:

a.      Whether defendants used automatic telephone dialing systems as that term is defined in the TCPA and applicable FCC regulations and orders;
b.      Whether defendants used an "artificial or prerecorded voice" as those terms are defined in the TCPA and applicable FCC regulations and orders;

7

        c.      Whether obtaining a cellular telephone number from a source other than voluntarily from the called party in connection with the alleged debt being collected constitutes "prior express consent";

        d.      Damages, including whether the violations were willful.

**ANSWER:**   Capital One denies the allegations in Paragraph 30 and each sub-part thereof.

31.    Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and have retained counsel competent and experienced in class and complex litigation.

**ANSWER:**   Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:**   Capital One denies the allegations in Paragraph 32.

33.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:**   Capital One denies the allegations in Paragraph 33.

34.    Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:**   Capital One denies the allegations in Paragraph 34.

35.    The identity of the class is likely readily identifiable from defendant's records, or its client's records.

**ANSWER:**   Capital One denies the allegations in Paragraph 35.

FB_US 9050359v1

36.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER**:     Capital One denies the allegations in Paragraph 36.

## COUNT II – FDCPA

37.     Plaintiff incorporates all previous paragraphs of this complaint. This Count is against Leading Edge, only, and is brought by plaintiff Martin, only.

**ANSWER**:     Capital One incorporates the previous paragraphs as though set forth

herein.

38.     Defendant Leading Edge lied to plaintiff Martin during a telephone conversation in September 2010, when it told plaintiff Martin that his relative (the alleged debtor) had provided plaintiff Martin and his telephone number as a "contact person" with respect to an alleged debt. This was a violation of 15 U.S.C. §§ 1692e and 1692f.

**ANSWER**:     This count is not directed at Capital One, but to the extent a response is

required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 38.

39.     Leading Edge had location information for the true debtor. It had the debtor's address and telephone number. Thus, Leading Edge had no legitimate reason to call plaintiff Martin, and its calls therefore violated 15 U.S.C. §§ 1692d, 1692e and 1692f.

**ANSWER**:     This count is not directed at Capital One, but to the extent a response is

required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 39.

40.     Furthermore, the conversation between plaintiff Martin and Leading Edge did not comply with the requirements of section 1692b, and defendant therefore also violated 15 U.S.C. §1692c(b). *Thomas v. Consumer Adjustment Co., Inc.*, 579 F. Supp.2d 1290, 1298 (E.D.Mo. 2008).

**ANSWER**:     This count is not directed at Capital One, but to the extent a response is

required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 40.

9

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant Capital One states the following:

### First Affirmative Defense: Statute of Limitations

1.      Claims brought under the Telephone Consumer Protection Act must be commenced no later than four years after the cause of action accrues.

2.      Plaintiffs first asserted claims against Capital One in their Second Amended Complaint, filed on January 18, 2012.

3.      Plaintiffs allege on information and belief that Capital One called Plaintiffs' cell phone numbers as early as 2007.

4.      Plaintiffs' claims, if any, accrued when they first received a phone call that allegedly violated the Telephone Consumer Protection Act.

5.      To the extent that Plaintiffs' claims, or claims of the purported class members, accrued prior to January 18, 2008, they are barred by the statute of limitations in whole or in part.

### Second Affirmative Defense: Consent

6.      Capital One incorporates the allegations stated in its Affirmative Defenses, paragraphs 1 to 5 as though stated herein.

7.      The Telephone Consumer Protection Act does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given his or her consent.

8.      A creditor or debt collector can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor or to the debt collector in connection with the particular debt.

10

9.      To the extent that Capital One has received consent to make calls to the cell phone numbers identified by Plaintiffs in their Complaint, whether through customer agreements, written, or verbal statements, or otherwise, their claims are barred.

**Third Affirmative Defense: Claims Not Properly Certifiable Under Rule 23**

10.     Capital One incorporates the allegations stated in its Affirmative Defenses, paragraphs 1 to 8 as though stated herein.

11.     Plaintiffs purport to represent a class of individuals allegedly contacted by Capital One, or on Capital One's behalf, in violation of the Consumer Telephone Protection Act.

12.     Plaintiffs further claim that common questions of law and fact predominate over questions affecting any individual member of the class.

13.     Plaintiffs' claims cannot properly be certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class, including:

      a.      When each individual was allegedly contacted by Capital One or on its behalf;

      b.      Whether each individual provided consent prior to the contact;

      c.      Whether the alleged violations were willful; and

      d.      When each individual knew or should have known that its alleged claim had accrued.

**Fourth Affirmative Defense: Constitutionality of Statutory Damages**

14.     Capital One incorporates the allegations stated in its Affirmative Defenses, paragraphs 1 to 13 as though stated herein.

11

15. The Telephone Consumer Protection Act provides for statutory damages of $500 to $1,500 for each violation of the law.

16. When directed at telephone calls, statutory damages under the Telephone Consumer Protection Act could quickly rise to millions of damages for alleged actions that caused little or no actual damage to Plaintiffs and the putative class.

17. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Capital One respectfully requests that the Court:

a.   Dismiss all of Plaintiffs' claims against Capital One with prejudice and on the merits;

b.   Deny class certification;

c.   Award Capital One all costs, disbursements, and reasonable attorney fees allowed by law; and

d.   Grant Capital One any such further relief to which it may be entitled.

Respectfully submitted:

CAPITAL ONE BANK (USA), N.A.

By:  /s/ Trina K. Taylor
     One of Its Attorneys

12

Aaron D. Van Oort (MN No. 315539)
Erin L. Hoffman (MN No. 0387835)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.:    (612) 766-7000
Fax:    (612) 766-1600
aaron.vanoort@FaegreBD.com
erin.hoffman@FaegreBD.com

Ernest Summers (No. 3126432)
Trina K. Taylor (No. 6297760)
Faegre Baker Daniels LLP
311 South Wacker Drive
Suite 4400
Chicago, Illinois 60606
Tel.:    (312) 212-6500
Tax:    (312) 212-6501
ernie.summers@FaegreBD.com
trina.taylor@FaegreBD.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Trina K. Taylor

FB_US 9050359v1