**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated,** )<br>)<br>)<br>) | |
| **Plaintiffs,** ) | No: 1:11-cv-5886 |
| ) | |
| v. ) | Hon. Joan H. Lefkow |
| ) | |
| **LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA) N.A.,** )<br>)<br>) | Magistrate Judge Young B. Kim |
| ) | |
| **Defendants.** ) | |

**DEFENDANT CAPITAL ONE'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR ENTRY OF PROTECTIVE ORDER**

**INTRODUCTION**

This is a putative class action filed by two individual plaintiffs against defendants Leading Edge Recovery Solutions, LLC and Capital One Bank (USA), N.A. ("Capital One") alleging that they violated the Telephone Consumer Protection Act ("TCPA") by calling Plaintiffs' cell phones using an auto-dialer or an artificial pre-recorded voice without their consent. Capital One now seeks a protective order limiting the discovery it is obligated to provide in response to Plaintiffs' first set of interrogatories and requests for documents.

Capital One served responses to Plaintiffs' first set of discovery requests on September 21, 2012, and agreed to provide volumes of responsive, non-privileged information and documents that will allow Plaintiffs to determine if the identities of putative class members are ascertainable, fully present their class certification arguments, and to try Plaintiffs' claims on the merits, whether individually or as class representatives. Plaintiffs' discovery requests, however, seek a much broader production. Capital One has objected in three main ways: scope, source, and burden. Regarding scope, many requests encompass information and documents that are not

1

necessary for Plaintiffs to prove their individual claims, ascertain the class, argue certification, or proceed to trial. Regarding source, Plaintiffs seek information through interrogatory responses that can be ascertained most efficiently through an examination of Capital One's business records and compilations. Regarding burden, many requests seek documents and information that are cumulative, duplicative, or that will require Capital One to incur significant expenses that outweigh the benefit of any relevant information that may be discovered.[1] Capital One offered to meet and confer with Plaintiffs regarding its objections during the week of September 23—before this motion was due to be filed—in an attempt to narrow the issues presented, but Plaintiffs declined. Hunter Decl. ¶ 2. *See* Fed. R. Civ. P. 26(c)(1).

      Capital One respectfully asks the Court to enter a protective order that (1) limits Capital One's document production to those documents it has agreed to produce; (2) allows Capital One to work with Plaintiffs to determine a process for determining whether any similarly-situated individuals exist and ascertaining a class, and to produce the relevant information obtained in that search in summary format or through the use of a sampling procedure; and (3) protects Capital One from having to produce documents that go beyond these two categories, including emails and documents outside the applicable limitations period. Capital One recognizes that after Plaintiffs have examined the offered discovery, additional clarification or supplementation may be required. Capital One asks the Court to require, in such an event, that the parties work in good faith to reach an agreement regarding supplementation. If no agreement can be reached, Capital One asks the Court to relieve Capital One of the obligation to bring a second motion for protective order and instead require Plaintiffs to bring a motion to compel.

---

[1] Capital One also objected to the compound nature of Plaintiffs' interrogatories pursuant to Fed. R. Civ. P. 33(a). Ex. A at page 13, 19. The 13 interrogatories served by Plaintiffs should be counted as 19. *Id.* (stating that Interrogatory No 1 counts as 5 and Interrogatory No. 11 counts as 3).

## BACKGROUND

**Procedural Posture**

Plaintiffs sued Leading Edge on August 25, 2011. Dkt. 1. Plaintiffs added Capital One as a defendant on January 18, 2012. Dkt. 32. Capital One's motion to dismiss was denied on August 10, 2012. Dkts. 83, 84. This Court ordered Capital One to respond to Plaintiffs' discovery requests on or before September 21, 2012, and set a status conference for September 28, 2012. Dkt. 87. The Court granted Capital One an extension to file this motion. *See* Dkts. 92, 101.

**Plaintiffs' Claims**

Plaintiffs assert that Capital One and Leading Edge violated the TCPA by calling their cell phones, without their express consent, to collect debts owed to Capital One using an autodialer or a prerecorded voice. Dkt. 32 ¶¶ 8-21; *see* 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiffs seek to represent a class of individuals with the following characteristics: (1) Possess an Illinois telephone number assigned to a cell phone; (2) called by Leading Edge or Capital One; (3) on or after August 25, 2007; (4) using autodialers or using an artificial prerecorded voice; (5) where Leading Edge's and Capital One's records do not show that the number called was provided by the called party in connection with the alleged debt that was being collected. Dkt. 32 ¶ 27.

**Plaintiffs' Facts Known To Date**

Plaintiffs' discovery requests indicate that they believe the alleged calls to their cell phones regarded a debt owed to Capital One by a relative, Julie Schultz (a/k/a Julie Mack), who apparently shares an address with Plaintiffs. *See* Ex. A[2] (RFAs 19, 20; Interrogatory 1, 2; RFD 1). Capital One admits that neither Plaintiff owed Capital One any money related to the Capital One credit card account identified in Plaintiffs' discovery requests, which belongs to Schultz. Ex. A (RFAs 18, 19). But Capital One denied Plaintiffs' request for admission that Schultz *did not*

---

[2] Exhibit A is attached to the Declaration of Eileen Hunter, filed herewith.

provide the numbers identified in the Second Amended Complaint to Capital One. Ex. A (RFAs 20, 21). In its verified interrogatory responses, Capital One stated that the xxx-xxx-9181 number was obtained by Capital One through "Automatic Number Identification" ("ANI"), which Capital One uses to record numbers used to call Capital One. Ex. A (RFA 21; Interrogatory 2). Capital One further stated that the xxx-xxx-3271 number was designated as a "Customer Provided Number" ("CPN") obtained from an inbound call to Capital One. Ex. A (RFA 20; Interrogatory 2). Capital One is in the process of preparing discovery to determine the circumstances under which the numbers were used to call Capital One.

**Capital One's Offered Production**

Capital One's discovery responses fall into three categories. First, Capital One has agreed to produce several categories of documents. Second, Capital One has identified a process for working with Plaintiffs to establish a means for searching Capital One's records to ascertain the identities and general circumstances of similarly-situated individuals, if any exist. Third, Capital One has objected to producing documents and information that fall outside the parameters of the first two categories. *See* Ex. A.

**ARGUMENT**

**I.   THE LEGAL STANDARD.**

Federal Rule of Civil Procedure 26(b)(2)(C) "directs the court to restrict discovery where it 'can be obtained from some other source that is more convenient, less burdensome, or less expensive,' or where the 'burden or expense of the proposed discovery outweighs its likely benefit.'" *Itex, Inc. v. Westex, Inc.*, No. 05 cv 6110, 08 CV 1224, 2011 WL 856583, *2 (N.D. Ill. March 9, 2011) (citing Fed. R. Civ. P. 26(b)(2)(C). When making determinations regarding discovery restrictions, "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's

interest in furthering the truthseeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal citations omitted).

A court, may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "In deciding whether good cause exists, the district court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the non-moving party." *In re Garvey Marine, Inc.*, No. 03 C 5967, 2006 WL 1806392, * 1 (N.D. Ill. June 26, 2006).

## II. THE COURT SHOULD ISSUE A PROTECTIVE ORDER LIMITING THE DISCOVERY CAPITAL ONE MUST PROVIDE.

The proof necessary to try this case against Capital One falls into three categories: (1) whether Capital One violated the TCPA when it purportedly called the named Plaintiffs; (2) whether there is a class of similarly-situated individuals and whether it can be ascertained; and (3) assuming a class can be ascertained, whether the class claims meet the requirements of Fed. R. Civ. P. 23. Capital One has provided, or agreed to provide Plaintiffs with:

| | |
|---|---|
| 1 | Capital One's records regarding the Julie Mack/Schultz account and Plaintiffs' accounts. |
| 2 | Call logs regarding the two telephone numbers identified in Complaint. |
| 3 | Capital One's records sufficient to establish the dialing equipment and systems it uses. |
| 4 | Capital One's records sufficient to establish its policies, practices, and procedures for acquiring account phone numbers. |
| 5 | Capital One's records sufficient to establish policies, practices, and procedures for conducting debt collection calls. |
| 6 | Capital One's records sufficient to establish the dialers and prerecorded voice messages used by Capital One, if any, to contact the named Plaintiffs at the numbers provided. |
| 7 | Capital One's records sufficient to establish its organizational structure related to debt collection policies and procedures. |
| 8 | Capital One employees with information regarding the types of calls identified in Complaint. |
| 9 | The third parties, if any, who made the types of calls identified in Complaint. |
| 10 | Capital One's records sufficient to establish the policies, practices, and procedures Capital One used during the applicable limitations period concerning collecting debt from customers using dialers and prerecorded messages, obtaining additional numbers for debt |

|    |    |
|----|----|
|    | collection calls, associating telephone numbers with delinquent customer accounts, and using scripts for any such calls. |
| 11 | Copies of Capital One's agreements with Leading Edge. |
| 12 | A summary of cases filed against Capital One that allege violations of the TCPA. |
| 13 | Sworn testimony in Capital One's possession relating to dialers. |
| 14 | Capital One's records sufficient to establish Capital One's efforts to determine a process, policy, or practice for determining, in debt collection contexts, whether a telephone number is or was a cellular phone number. |
| 15 | Capital One's records sufficient to establish Capital One's efforts to determine a process, policy, or practice for determining whether when a predictive dialer or prerecorded messages are used in debt collection campaigns. |
| 16 | The relevant insurance policy that may afford coverage with respect to the claims at issue. |

*See* Ex. A.

### A. The discovery Capital One has agreed to produce is sufficient for Plaintiffs to try their individual claims on the merits.

To succeed on their individual TCPA claims, Plaintiffs must prove (1) that Capital One called their cell phone numbers; and (2) that Capital One used an autodialer or an artificial/prerecorded voice.[3] 47 U.S.C. § 227(b)(1)(A)(iii). Capital One is not liable if it can prove that it obtained express consent to call the numbers at issue. 47 U.S.C. § 227(b)(2); 47 C.F.R. § 64.1200(a)(1). The discovery Capital One has agreed to produce vastly exceeds the discovery necessary for these individual plaintiffs to attempt to prove their claims and for Capital One to establish its consent-based defenses. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

The call logs and account records show when the numbers were called (if at all), by whom, on what date, what notes were taken regarding the call (if any), how the phone number at issue was obtained, and whether an autodialer or a prerecorded voice was used to communicate or leave a message. Capital One has also agreed to produce policies and procedures documents and manuals related to dialing, use of autodialers, use of prerecorded voices, debt collection,

---

[3] To increase the statutory damages amount owed, plaintiffs must prove that any violation that occurred was willful. 47 U.S.C. § 227(b)(3)(C).

6

number procurement, cell phone identification, and a summary of previous TCPA cases filed against. These documents will provide Plaintiffs evidence likely to be sufficient to determine whether any violations they may prove were willful. To the extent Plaintiffs identify gaps in the production that bear on the proof needed to establish Plaintiffs' individual claims regarding Capital One's liability or willfulness, Capital One will work in good faith to determine whether documents or information is available to fill such gaps. *See Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004) (the district court enjoys broad discretion in managing discovery); *Albion Int'l v. Am. Int'l Chem., Inc.*, No. 2:07–CV–994 CW, 2011 WL 673911. At *2 (D. Utah Feb 17, 2011) (limiting discovery, but allowing plaintiff may seek leave of the court for additional discovery upon a showing that a reasonable basis exists for such discovery).

> **B.** **The process Capital One has proposed for identifying similarly-situated individuals will be sufficient for Plaintiffs to ascertain the existence of a class, move for class certification, and try this case.**

Plaintiffs also are entitled to discovery that allows them to determine whether a class of similarly-situated individuals exists and can be ascertained and whether such a class meets the requirements of Fed. R. Civ. P. 23. Plaintiffs seek to represent a class of individuals with the following characteristics:

- Possess an Illinois telephone number
- Assigned to a cell phone
- Called by Leading Edge or Capital One on or after August 25, 2007
- Using autodialers or using an artificial prerecorded voice
- Where Leading Edge's and Capital One's records do not show that the number called was provided by the called party in connection with the alleged debt that was being collected

Dkt. 32 ¶ 27. Plaintiffs have served several discovery requests focused on obtaining information about the putative class members, including Interrogatory Nos. 5 and RFD Nos. 4 and 14. Capital One has objected to these requests, but has agreed to work in good faith with Plaintiffs to

determine a means of ascertaining the identities and general circumstances of individuals who are similarly-situated to Plaintiffs, if any exist. Capital One envisions a two-stage process.

<u>In the initial stage</u>, Capital One will produce information and documents sufficient to establish the types of information contained in Capital One's customer account and debt-collection call records. This production will allow the parties to determine which fields should be searched. Capital One will also provide information regarding the search capacity of Capital One's account and debt-collection call records. This will allow the parties to determine whether a means exists to search those records that will provide Plaintiffs with information sufficient to determine whether any similarly-situated individuals exist. *See* Ex. A (Rog. Nos. 5, 6, 7, RFD 3).

Capital One is evaluating the search capacity of its databases. If it is able to do so, Capital One will isolate calls by Capital One to area codes assigned to Illinois in the applicable limitations period using autodialers or an artificial prerecorded voice. Capital One is also in the process of determining whether it will be able to isolate numbers in client accounts that are currently designated as having been obtained via ANI and CPN, which are the ways that Capital One's records indicate that the two numbers in the Second Amended Complaint were obtained. *See* Ex. A (Interrogatory No. 2). If Capital One's databases can generate a list based on these criteria without requiring a manual, account-by-account search, the process will move forward. If not, Capital One will work with Plaintiffs' counsel to determine the least cumbersome means of ascertaining this information.

Assuming it is possible for Capital One to generate a list of Illinois phone numbers obtained via ANI or CPN, problems may arise in two areas. First, Plaintiffs will have to find a way to narrow the calls on the list to only those that were placed to cell phones. Capital One's records do not designate numbers it obtains via ANI or CPN as cell numbers or land line numbers. Thus, to narrow the list to cell calls, Plaintiffs will have to develop a means for identifying cell numbers. The second problem that will arise involves narrowing the list to only

8

those numbers that "Capital One's records do not show . . . [were] provided by the called party in connection with the alleged debt that was being collected." Dkt. 32 ¶ 27. Capital One will produce policy and procedure documents sufficient to establish the ways in which Capital One verifies consent to use a phone number obtained via ANI and CPN. Additionally, the account and call-log records associated with an individual number obtained via ANI or CPN may contain customer-specific information that bears on whether that customer gave his or her consent to call a particular number. But, Capital One's records do not contain a universal, specific, searchable field that designates whether a customer has provided consent to Capital One to call numbers obtained through ANI or CPN.

In the second stage, the parties will have to work together to agree on a method for collecting the relevant data about the putative class based on the results of the first stage described above. At present, Capital One believes that the only method of determining whether a customer provided consent to Capital One to call numbers obtained through ANI or CPN will be to conduct an account-by-account examination of Capital One's customer files. If an account-by-account examination proves necessary, Capital One seeks a protective order on the grounds that such a search would be contrary to Fed. R. Civ. P. 23 and unduly burdensome and expensive relative to the discoverable information obtained. *See* Ex. A (Rog. Nos. 5, 6, 7, RFD 3).

In lieu of conducting an account-by-account examination to determine consent, Capital One believes that a sampling procedure will allow the parties to present arguments regarding whether a class of individuals similarly situated to Plaintiffs can be ascertained, and to fully present their class certification arguments. The use of sampling in discovery has been an effective tool in class action cases. "The appropriateness of limiting discovery to a representative sample should be determined by weighing the relative benefits and burdens of such a method in comparison with full discovery." *Long v. Trans World Airlines, Inc.*, 761 F. Supp. 1320, 1329 (N.D. Ill. 1991). The substantial burdens of full discovery "can be reduced considerably by

9

limiting discovery to a representative sample of class members." *Id. See also Cotton v. Asset Acceptance LLC*, No. 07 C 5005, 2008 WL 2561103, *6 (N.D. Ill. June 26, 2008) (defendant provided discovery from a 5% sampling of the accounts of 7,900 putative class members); *Harris v. Sims Registry*, 2001 WL 78448, *1, n.2 (N.D. Ill. Jan. 29, 2001) (noting that discovery had been limited to ten sample plaintiffs).

  **C.** **The Court should protect Capital One from discovery requests that are beyond the scope of the claims pleaded in the Second Amended Complaint, the class definition, and the applicable statute of limitations period.**

Plaintiffs' discovery requests encompass information and materials that are beyond the scope of the claims pleaded in the Second Amended Complaint and which are not necessary for Plaintiffs to prove their individual claims, ascertain the existence of similarly-situated individuals, argue class certification, or proceed to trial on their claims as a class or individually. For example, Interrogatory No. 10 asks Capital One to:

> Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and the complete history of each. Please . . . include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented and ceased, all persons involved in its consideration, implementation and, if applicable, termination. Please respond to this interrogatory without regard to time . . . If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for such.

This request is overbroad because it seeks information that goes beyond the facts and circumstances of the named Plaintiffs and the proposed class definition. The proposed class is made up of persons with Illinois cell phones called by one of the defendants where the number at issue was not provided in connection with the alleged debt being collected. Interrogatory No. 10, however, seeks extensive information regarding <u>all</u> autodialers and <u>all</u> prerecorded voice messages, without any time limit. It sweeps in information that has nothing to do with the claims alleged in this case, as Capital One uses autodialers and prerecorded voice messages in many other contexts, including calls to landlines and service calls. Capital One has agreed to produce

10

responsive, non-privileged documents and information related to the actual class proposed: debt collection calls to Illinois cell phones where consent to call the number was not given.

Similarly, Interrogatory Nos. 5, 6, and 7 seek information regarding "all persons" or "every person" called by Capital One on their cell phones to collect debt, without regard for how Capital One obtained the number called. For example, many individuals identify cell numbers as their primary, consented-to contact number on their application or in subsequent dealings with Capital One. The class definition explicitly excludes such calls. Capital One will produce policy and procedure documents sufficient to establish how Capital One obtains primary contact numbers, and the database field those numbers are recorded in. But, the identities of these individuals and their account records are not relevant to the claims Plaintiffs assert.

Interrogatory 11 seeks information regarding "all persons" involved with the use or implementation of Capital One's dialers or prerecorded voice messages. Request for Document No. 2 asks for "all documents" relating to dialers and prerecorded voice messages. Both requests are overbroad because Capital One uses dialers and prerecorded voice messages in many contexts other than debt collection calls to cell phones. Capital One has agreed to produce its policy and procedure documents related to use of dialers and prerecorded voice. It has also agreed to produce documents that show it organizational structure as it relates to debt collection policies and procedures, to identify Capital One employees who possess information regarding the types of calls identified by Plaintiffs in their Complaint; and to identify third parties, if any, who made the types of calls identified by Plaintiffs in their Complaint (i.e., debt collection calls to cell phone numbers obtained via ANI or CPN). Producing information regarding "all persons" would be time-consuming and would not advance Plaintiffs' understanding of the facts at issue. *See Union Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 414 (interrogatory seeking all persons with discoverable information is overbroad); *Schauf v. Mortgage Bankers Serv. Corp.*,

11

No. 01 C 4442, 2001 WL 1654711 at *1 (N.D. Ill. Dec. 20, 2011) ( "all documents" request is "overly broad and unduly burdensome," and motion to compel denied).

Requests for Document Nos. 6, and 7 seek "all documents" related to the policies, practices, and procedures for obtaining telephone numbers to contact delinquent customers and for associating numbers with delinquent customers. Capital One has agreed to produce documents sufficient to establish the policies, practices and procedures Capital One used during the applicable statute of limitations period concerning collecting debt from customers using dialers and prerecorded messages, obtaining additional numbers for debt collection calls, associating telephone numbers with delinquent customer accounts, and using scripts for any such calls. Ex. A (RFD 2). For the reasons explained above, Plaintiffs' request for "all documents" is overbroad. *See id.*

Several of Plaintiffs' requests are overbroad for a second reason: they seek information that falls outside the applicable statute of limitations period, which ran for the four years before Capital One was added to the amended Second Amended Complaint on January 18, 2012. *See Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 560 (7th Cir. 2011) (citing 28 U.S.C. § 1658). Under Fed. R. Civ. P. 15(c)(1)(C), adding Capital One as a defendant does not relate back to Plaintiffs' Complaint. Capital One did not have notice of the action and did not know and should not have known that this action would have been brought against it. *See Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 557-58 (7th Cir. 2011).

### D. The Court should protect Capital One from answering Plaintiffs' interrogatories where the information sought can be ascertained most efficiently through an examination of Capital One's business records.

Plaintiffs' discovery requests also seek information through interrogatory responses that Capital One believes can be ascertained most efficiently through an examination of Capital One's business records and compilations of those records. *See* Fed. R. Civ. P. 33(d). For example, Interrogatory No. 1 asks Capital One to

12

> [i]dentify all attempted and successful communications (including telephone calls) to and from any telephone number called with reference to any account of Julie Mack, Nicholas Martin, David Schultz, the address 4148 Monitor Ave, Chicago, IL, 773-615-9181 or 630-479-3271. Include the number called, the date and time of each (including calls or attempted calls), who or what dialed the number, all messages (prerecorded or live), all equipment and systems used, the telephone company(ies) that serviced line for each call, the Predictive Dialer that was used, the Prerecorded Message used, if any and from where the telephone number was obtained.

This request seeks information that is contained in Julie Schultz's account records, Plaintiffs' account records, call logs regarding those account records, and Capital One's records regarding its dialing equipment and systems. This same objection applies to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12. *See Jones v. Nat'l Council of Young Men's Christian Assoc.*, No. 09 C 6537, 2011 WL 3273868, at *5 (N.D. Ill. June 28, 2011) (applying rule 33(d)).

  **E.  The Court should protect Capital One from discovery requests that are cumulative, duplicative, and which will require Capital One to incur significant expenses relative to the information likely to be discovered.**

  Plaintiffs' discovery requests also seek documents and information that Capital One believes are cumulative, duplicative, and which will require Capital One to incur significant expenses relative to the amount of relevant information likely to be discovered. For example, most of Plaintiffs' Requests for Documents request "all" documents regarding various topics, without regard for the cost and burden such requests impose on Capital One relative to the information that will be obtained. *See* Ex. A (RFDs 1-8, 12-23; Rog. 8). Capital One has agreed to produce extensive documents regarding the named Plaintiffs' claims and policy and procedure documents related to the material issues on this case. To the extent Plaintiffs identify gaps in the production that bear on the proof needed to establish Plaintiffs' individual claims, ascertain the identities of class members, or prove Plaintiffs' claims at trial, Capital One will work in good faith to determine whether documents or information is available to fill such gaps. *See Spiegla*, 371 F.3d at 944; *Albion Int'l* 2011 WL 673911 at * 2.

13

In particular, Capital One objects to the extent Plaintiffs' requests contemplate a search of Capital One's email system because such a search and production will yield information that is duplicative of the information Capital One had agreed to produce and will be unduly burdensome, time-consuming, and expensive relative to the discoverable information obtained. The very premise of Plaintiffs' class action claims is that Capital One engaged in uniform conduct—i.e., calling cell phones—that is equally applicable to each putative class member and that can be proved on a classwide basis using the proof related to the individual Plaintiffs' claims. Collecting, reviewing, and producing emails would be expensive and time-consuming, and it would likely lead to documents that duplicate those already in production. If, in the course of discovery, Plaintiffs identify areas in which a targeted email search is necessary to obtain material, discoverable information that is otherwise unobtainable, Capital One will work in good faith to facilitate such a search. *See, e.g.*, *Fisher v. Household Life Ins. Co.*, No. 10-2547-KHV, 2012 WL 966043, at *4 (D. Kan. March 21, 2012) (request of internal emails is "overly broad and excessive," and request therefore denied.

### F. The Court should protect Capital One from discovery requests that are premature or not likely to lead to the discovery of admissible evidence.

In addition to the objections described above, Capital One also objected to several miscellaneous requests for various reasons, summarized briefly here. Plaintiffs seek discovery regarding experts, which is premature. Capital One will make the appropriate expert disclosures at the appropriate time. *See* Ex. A (Rog. 13). Plaintiffs also seek extensive information about Capital One's Electronically Stored Information ("ESI"). *See* Ex. A (Rog. 12). Capital One has provided answers regarding its ESI. It has also offered to produce documents and information that identify the types of information and data stored in customer account and debt-collection records. *See, e.g.*, Ex. A (Rog. 5). Plaintiffs also seek a copy of every complaint filed against Capital One alleging TCPA violations. Capital One has agreed to provide a list of all such cases

since 2008. *See* Ex. A (RFD 9). The effort to obtain copies of the complaints themselves will be substantially the same for Plaintiffs. Fed. R. Civ. P. 33(d). Plaintiffs also seek discovery regarding "any complaint . . . all supporting and internal documentation and your response, you or your attorneys have ever received that complains about calls using your Predictive Dialer and Prerecorded Messages, without regard to date." *See* Ex. A (RFD 11). Capital One has agreed to provide Plaintiffs with a list of TCPA cases filed against it since 2008 and call records regarding the Plaintiffs and samples of call logs related to the putative class. Plaintiffs also seek all documents Capital One reviewed in responding to any discovery request. Ex. A (RFD 5). This request encompasses documents that Capital One has already agreed to provide and documents that are protected by the work product doctrine, including counsel's notes, summaries, and drafts. *See* Fed. R. Civ. P. 26(b)(5). Finally, Plaintiffs seek documents from third party trade publications. Ex. A (RFD 12). Such documents have no bearing on proving Plaintiffs' individual claims, ascertaining a class, or arguing class certification. Each of the objections described in this section should be sustained absent a showing by Plaintiffs regarding why such discovery is necessary.

## CONCLUSION

For the foregoing reasons, Capital One respectfully asks the court to enter the proposed protective order filed herewith.


Respectfully submitted:          CAPITAL ONE BANK (USA), N.A.

September 28, 2012          By:   /s/ Trina K. Taylor
                                                      One of Its Attorneys

Aaron D. Van Oort (MN No. 315539)
Eileen M. Hunter (MN No. 0336336)
Erin L. Hoffman (MN No. 0387835)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street

Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
aaron.vanoort@FaegreBD.com
eileen.hunter@FaegreBD.com
erin.hoffman@FaegreBD.com

Ernest Summers (No. 3126432)
Trina K. Taylor (No. 6297760)
Faegre Baker Daniels LLP
311 South Wacker Drive
Suite 4400
Chicago, Illinois 60606
Tel.: (312) 212-6500
Tax: (312) 212-6501
ernie.summers@FaegreBD.com
trina.taylor@FaegreBD.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 28, 2012, I electronically filed the foregoing document with the clerk of court using the CM/ECF system which will send notification of such filing to all parties of record.

                                                                   /s/ Trina K. Taylor

9195278.5