**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated, | ) ) ) ) Case No.: 1:11-CV-5886 |
| Plaintiffs, | ) ) Judge: Lefkow |
| v. | ) ) Magistrate Judge Kim |
| LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA) N.A., | ) ) JURY DEMANDED ) ) |
| Defendants. | |

**DEFENDANT LEADING EDGE RECOVERY SOLUTIONS, LLC'S MOTION FOR PROTECTIVE ORDER REGARDING INTERROGATORY NOS. 4, 5 AND 7**

NOW COMES Defendant Leading Edge Recovery Solutions, LLC ("Defendant"), by and through its undersigned attorney, and moves for the entry of a protective order regarding Interrogatory Nos. 4, 5 and 7, and in support states the following:

**I.     Introduction**

1. As discussed in Defendant Capital One's Memorandum in Support of its Motion For Protective Order (dkt. 103), this case involves claims brought pursuant to the Telephone Consumer Protection Act. Plaintiffs claim that they were called on their cell phones when Defendant attempted to collect a debt owed by Julie Shultz/Mack to Capital One. Plaintiffs allege that they did not provide their cell phone numbers to Capital One or Defendant and did not otherwise consent to being called with auto or predictive dialers.

2. This case originally started out with Defendant as the sole defendant. Defendant obtained the subject telephone numbers of the two Plaintiffs directly from Capital One. Significantly, Defendant did not skip trace the numbers.

3. The original Complaint and First Amended Complaint identified a putative class comprising of Illinois, Wisconsin and Indiana area codes where the "where defendant cannot show that the phone number was obtained from the called party with respect to the alleged debt that was being collected, (e.g. through skip tracing or caller identification "ANI" services). Dkt. 24, ¶ 21.

4. Capital One was added to the Second Amended Complaint and the proposed class was narrowed to cell phones with Illinois area codes. Capital One and Defendant can avoid liability if they obtained consent to call the numbers at issue. 47 U.S.C. § 227(b)(2).

5. Unfortunately, the issue of consent, for even a single plaintiff, can be extremely burdensome. For example, in *Pesce vs. First Credit Services*, 11-cv-1379 (N.D. Ill.), <u>after</u> the district court certified a class, the case was decertified after discovery disclosed that the putative plaintiff may have updated his contact number with his creditor by providing the creditor with his cell phone. *See* dkt. nos. 71, 81, 91, 93, 95, 98, 117, 126.

6. Given the four year statute of limitation which Plaintiff seeks to invoke, cases of this nature involve hundreds of thousands of thousands similar debtor/consumer accounts and millions of telephone calls. While an individual TCPA case may generate hundreds of pages of debtor/consumer and creditor records which may touch on the issue of whether the debtor/consumer consented to being called by the creditor and/or the debt collector at issue, TCPA class actions magnify the issues of consent on an exponential basis. Put another way, where there is an issue of consent as to the class representative (and there is an issue of consent regarding the two Plaintiffs), the issue of consent may exist<u> for each and every putative class member</u>.

7. Here, Interrogatory 4 demands the identification of putative class members who were called by Defendant on behalf of Capital One over a four year time period:

> **[1]** persons with Illinois . . . telephone numbers who defendant or some person on its behalf called **[2]** on their cell phone **[3]** using a device that has the capacity to dial numbers without human intervention, **[4]** where defendant obtained the phone number called through skip tracing and not from the called party, **. . . .**

See Interrogatory No. 4 (attached as Exhibit A). Interrogatory 5 asks Defendant to "identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person". *Id*. Interrogatory 7 is an broad discovery request asks Defendant to "[i]dentify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member, including plaintiff." *Id*.

8. The above discovery is overly and unduly burdensome given the hundreds of thousands of accounts and millions of call records which must be reviewed to demonstrate consent. Consent may exist in the form of letters to Defendant, recorded telephone conversations or account notes documenting telephone contacts where the debtor/consumer has provided his or her cell phone to Defendant.

9. Here, Capital One provided Defendant with contact information regarding Julie Shultz's account. Plaintiffs claim that they did not provide consent to being called by Capital One. Defendant did not skip trace the subject numbers. Accordingly, the issue of how Capital One obtained the subject numbers is an issue for Capital One to litigate with Plaintiff through the discovery process. If Plaintiff's numbers were provided to Capital One as Julie Shultz's contact numbers, the case is over.

3

10. Even if Capital One cannot show consent to call Plaintiff's numbers, Capital One, not Defendant, holds a majority of the evidence regarding consent. For example, an example of Capital One's records will demonstrate whether class members provided their cell numbers to Capital One. If the class members provided their telephone numbers to Capital One, the class members will have no valid TCPA claims.

11. While Defendant may have evidence of consent in their records, Capital One is the best source to obtain this data. Accordingly, the best solution is to structure discovery to allow Plaintiff and Capital One to sort through the issues of consent before requiring Defendant to go through the great burden and expense of producing its collection and call records.

**II.  Compliance With Local Rule 37.2**

12. Defendant has complied with LR 37.2 by engaging in a telephonic discussion with Plaintiff's counsel as recently at September 28, 2012. During this telephonic discussion, defense counsel (James C. Vlahakis) asked Plaintiff's counsel (Alexander Burke) to defer discovery which sought the disclosure of the identities of putative class members until such time as a class was certified. Defense counsel also asked Plaintiff's counsel to withdraw discovery which sought the production of burdensome consent discovery until such time as a class was certified. After discussing theses and other issues (including whether consent may exists to call the Plaintiff's telephone numbers) Plaintiff's counsel politely refused to defer or otherwise withdraw the subject discovery requests.

**III.  FRCP 1 and FRCP 16**

13. Defendant objects to the extent that Plaintiff's discovery requests place merits discovery *before* class certification is fully briefed. Plaintiff's approach to demand merits based

5

130440690v1 0927670

discovery related to *class wide* consent runs contrary to FRCP 1 and the purpose behind FRCP 23.

14. FRCP 1 which provides that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 16(a) provides that a court may hold a "pretrial conference" for the purpose of "(1) expediting disposition of the action;(2) establishing early and continuing control so that the case will not be protracted because of lack of management; [and] (3) discouraging wasteful pretrial activities . . . ."

15. FRCP Rule 16 allows courts to address issues to streamline discovery in conformance with FRCP 1. For example, FRCP Rule 16 provides that courts hold pre-trial conferences for the purpose of:

> "formulating and simplifying the issues";
>
> "obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence";
>
> "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems";
>
> "using special procedures to assist in resolving the dispute when authorized by [Rule 23]";
>
> "determining the appropriateness and timing of summary adjudication under Rule 56";
>
> "ordering the presentation of evidence early in the trial on a manageable issue that might, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c);" and
>
> "facilitating in other ways the just, speedy, and inexpensive disposition of the action."

See FRCP 16(c)(2)(A), (C), (E), (I), (L), (N) and (P).

16. In summary, FRCP 16 provides district courts with the power to set orders which expedite the reasonable resolution of cases. Here, FRCP 16 expressly provides this Court with the authority to schedule a pretrial conference to structure this case to eliminate burdensome discovery.

17. No Rule 16 scheduling conference has taken place in this case for the parities and the court to properly address the presentation of burdensome class discovery.

### A. This Court Should Bifurcate Consent and Class Discovery

18. As noted above, whether consent exists to call the Plaintiffs is an issue between Capital One and Plaintiffs. Given the fact that the resolution of consent in Defendants' favor will end this case, consistent with FRCP 1 and 16, this Honorable Court should bifurcate this case to first litigate the issue of whether the Plaintiff's consented to the calls in question. *Harris vs. Comscore*, 2012 WL 6867709 (N.D. Ill. 2012).

### B. This Court Should Require Capital One to Produce Consent Discovery Before Requiring Defendant to Produce Consent Discovery

19. Alternatively, Defendant should not be required to identify class members and scour its records for consent until Capital One and Plaintiff has exchanged discovery and fully litigated the issue of consent.

20. At the same time, Defendant should not be required to identify class members and scour its records for consent until Capital One reviews its records for evidence of consent. After all, Capital One placed the subject accounts for collection with Defendant and provided Defendant with the subject contact numbers. Capital One should first produce its records on consent and/or terms and conditions which may impact consent before Defendant is required to go through the cost, time and expense of producing class discovery.

21. Both FRCP 1 and 16 support structuring or bifurcating discovery to require Plaintiffs and Capital One to first deal with the issues of consent. Only after this is exhausted should Defendant be required to review its records of consent. And only after this step takes place should Defendant go to the expense of identifying *potential* class members.

### C. Defendant Should Not Be Required to Identify Class Members

22. It is well settled that a plaintiff is not entitled to discovery of the identities of putative class members until the court has certified or, at a minimum, conditionally certified a class. *See, e.g.,* [Hatch v. Reliance Ins. Co., 758 F.2d 409, (9th Cir. 1985)](#) (approving district court's denial of motion to compel production of names of "similarly situated investors" in order to solicit support to certify class); *Zarrella v. Pacific Life Ins. Co.*, 2011 WL 8184933 (S.D. Fla. 2011); *Walker vs. Alta Colleges, Inc.* 2010 WL 2710769 (W.D. Tex. 2010); *Stephens v. Erosion Containment Mgmt.*, 2008 WL 2157095 (M.D. Fla. 2008) (denying motion to compel information relating to similarly situated individuals because "[this] type of discovery is suitable after step one is completed and conditional certification is made"); *In re Mortgagors of Temple-Inland Mtg. Corp.*, 2001 WL 177181, *1 (E.D. Pa. Jan. 24, 2001) (rejecting plaintiffs' argument that they should be entitled to discover putative class members' names and addresses prior to class certification: "Plaintiffs' counsel cannot use the Federal Rules of Civil Procedure as a device to force defendant to assist them in finding a plaintiff and establishing subject matter jurisdiction so that they can sue defendant."); *Flannigan v. American Fin. Sys. of Ga.*, 72 F.R.D. 563, 563 (M.D. Ga. 1976) ("Until [Plaintiffs satisfy the basic requirements of Rule 23] they may not engage in discovery for the purpose of 'digging up' information to satisfy Rule 23.").

23. The case law is clear that Plaintiffs' counsel cannot use pre-certification discovery as a "backdoor" means to identify potential new clients. *See also, Oppenheimer Fund, Inc. v.*

130440690v1 0927670

*Sanders*, 437 U.S. 340, 351-53 (1978) (rejecting pre-class certification discovery of identifying information of putative class members when such information is sought merely for the purpose of identifying such individuals for notice of a class action).

24. Moreover, where issues of standing exist (as is the case here – Plaintiff Martin's cell phone was manually dialed and Plaintiff Mack is not the subscriber of the cell phone in question – his brother Chris is), "Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc*., NO. 05-CV-4659, 2006 WL 1455464 (E.D. N.Y., May 23, 2006) (collecting supporting cases).

25. Here, there is no need for Defendant to produce the names of *potential* class members until a class is certified.

WHEREFORE, for the above reasons, this Honorable Court should enter a protective order regarding Interrogatory Nos. 4, 5 and 7 by: **(A)** bifurcating individual consent and class certification discovery; or (B) ordering that individual consent and class based discovery should be first addressed by Defendant Capital One. Additionally, **(C)** this Honorable Court should enter a protective order providing that Defendant should not be required to identify potential class members until such time as a class is certified.

| | |
|---|---|
| Date: September 28, 2012 | Respectfully submitted, counsel for Defendant LEADING EDGE RECOVERY SOLUTIONS, LLC |
| | /s/*James C. Vlahakis*<br>James C. Vlahakis<br>222 N. LaSalle, Suite 300<br>Chicago, IL 60601<br>312-704-3000<br>jvlahakis@hinshawlaw.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2012, I electronically filed the above Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
Attorney for Defendant
222 North LaSalle, Suite 300
Chicago, IL 60601
tel 312-704-3715