IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN and DAVID MACK, on behalf of himself and others similarly situated,<br><br>Plaintiffs<br>v.<br>LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA) N.A.,<br><br>Defendants | NO. 1:11-cv-5886<br><br>Honorable Joan Humphrey Lefkow<br><br>Magistrate Judge Young B. Kim |

## PLAINTIFFS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

Pursuant to 28 U.S.C. § 1404, Plaintiffs respectfully request that this Court transfer this case to the Western District of Washington, where another action alleging identical legal claims under the TCPA is pending against Defendant Capital One Bank (USA), N.A. ("Capital One"). In support of this motion, Plaintiffs state:

This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) class action against a credit card issuer and debt collection agency, arising out of improper automated calls to cellular telephones.

There is a nearly identical case against Capital One pending in the Western District of Washington, *Amadeck et al. v. Capital One Financial Corporation and Capital One Bank (USA), N.A.* (Case No. 2:12-cv-00244-RSL). Because the two cases overlap in form and substance, the classes overlap, and because the *Amadeck* case has progressed further in discovery, Plaintiffs respectfully request that this Court transfer this case to the Western District of Washington.

**I.    FACTS.**

Plaintiffs Nicholas Martin and David Mack filed this case on August 25, 2011, against Defendants Capital One Bank (USA) N.A. ("Capital One") and Leading Edge Recovery Solutions,

LLC ("Leading Edge") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Dkt. No. 1) On January 18, 2012, Plaintiffs filed a Second Amended Complaint. (Dkt. No. 33). On August 10, 2012, this Court denied Capital One's motion to dismiss. (Dkt. No. 84). Shortly thereafter, the discovery stay was lifted and Defendants answered Plaintiffs' Second Amended Complaint on August 24, 2012 (Dkt. Nos. 86 & 88). The parties are in the early stages of discovery. Capital One filed a motion for protective order seeking to limit the scope of discovery on September 28, 2012, and produced its initial production of documents on that date. (Dkt. No. 102). There is no trial date set in this case.

Plaintiffs' counsel, Alexander H. Burke, recently became aware of a parallel case on file in the Western District of Washington, *Amadeck et al. v. Capital One Financial Corporation and Capital One Bank (USA), N.A.* (Case No. 2:12-cv-00244-RSL) (the "*Amadeck* Action"). Declaration of Alexander H. Burke in Support of Plaintiffs' Motion to Transfer Under 28 U.S.C. §1404 ("Burke Decl."), Exhibit A ¶ 2.

Plaintiffs Bridgett Amadeck, Felix Hansen and Albert Kirby filed a proposed class action complaint against Capital One Financial Corporation and Capital One Bank (USA), N.A. on January 23, 2012 in King County, Washington, Superior Court. Defendants removed the action to the Western District of Washington on February 13, 2012. (Dkt. No. 2) Plaintiffs filed an Amended Complaint on February 24, 2012. (Dkt. No. 14) Defendants answered the Amended Complaint on March 12, 2012. (Dkt. No. 16) Trial is scheduled for September 9, 2013. (Dkt. No. 9) Discovery is well underway and Defendants have produced approximately 2,000 documents thus far. Declaration of Beth E. Terrell in Support of Plaintiffs' Motion to Transfer

Under 28 U.S.C. §1404 ("Terrell Decl."), <u>Exhibit B</u> ¶ 2. The parties have engaged in numerous discussions about the nature, scope, and production of documents and electronically stored information. *Id. Amadeck* counsel expects to take one or more depositions directed at Capital One's responsive documents and data in the next 30 days. *Id. Amadeck* counsel recently became aware of this matter. *Id.*

Plaintiffs' counsel in the *Amadeck* action and this matter have agreed to coordinate their efforts and jointly prosecute their clients' claims against Defendants. Burke Decl. ¶ 6; Terrell Decl. ¶ 3.

## II. AUTHORITY

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of showing that, on balance, convenience and justice are advanced by transfer. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). However, this burden is substantially less under § 1404 than under the common law of transfer or the related doctrine of forum non conveniens. *In re Joint E. & S. Dists. Asbestos Litig.*, 22 F.3d 755, 762 (7th Cir. 1994); *Waites v. First Energy Leasing Corp.*, 605 F. Supp. 219, 221 (N.D. Ill. 1985).

### A. Transfer Is Available to Plaintiffs

"The right to a transfer under [§ 1404] is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer." *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961), *cert. denied,* 81 S. Ct. 1903, 366 U.S. 948 (1961) (upholding grant of plaintiff's motion to transfer). Here, since filing in this district, Plaintiffs' counsel have become aware of an identical action pending in the Western District of Washington – the *Amadeck* action. Burke Decl. ¶ 2. In addition, Plaintiffs' counsel is now coordinating his efforts with Plaintiffs' counsel in the *Amadeck* action. *Id.* As a

result, Plaintiffs' counsel's request to transfer this case so it can be coordinated with the *Amadeck* action should be honored.

### B. Transfer to the Western District of Washington is Proper Under § 1404

As a threshold matter, venue is proper in both fora. Both Capital One and Leading Edge Recovery Solutions LLC reside in both the Northern District of Illinois and the Western District of Washington. Both Defendants do business in and have contacts sufficient to subject them to personal jurisdiction in either district pursuant to 28 U.S.C. § 1391(b)-(c).

#### 1. Convenience is a Neutral Factor Here

In considering convenience, courts examine where parties and witnesses are located, the relative cost of securing witnesses in the transferor and transferee fora, and the relative ease of access to evidence in the fora. *Gueorguiev v. Max Rave, LLC,* 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007). Here, because Capital One operates nationwide (including in both fora), its headquarters is located in neither Illinois nor Washington and none of the principal witnesses other than the named Plaintiffs are located in either fora, the "convenience" factor is neutral.

#### 2. The Interests of Justice Warrant Transfer

Courts frequently treat "the interest of justice" as the most important factor, outweighing the convenience of parties and witnesses. *Research Automation, Inc. v. Shrader Bridgeport Int'l*, 626 F.3d 973, 978 (7th Cir. 2010); *see also* 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3854 (3d ed. 1998). "[T]he interests of justice" factor embraces "public-interest factors of systemic integrity and fairness." *Stewart Org., Inc v. Ricoh Corp.,* 487 U.S. 22, 30, 108 S. Ct. 2239, 2244 (1988). Courts weighing this factor emphasize the efficient administration of justice, *Gueorguiev*, 526 F. Supp. 2d at 859.

Section 1404 was enacted to avoid the simultaneous trials of cases involving the same or similar issues. *Cont'l Grain Co. v. The FBL*, 364 U.S. 19, 26, 80 S. Ct. 1470, 1474 (1960) (holding § 1404 was designed to prevent the waste of time, energy, and money of duplicative trials). Courts regularly grant motions for transfer where there is a related case in the proposed

transferee forum. "[T]he presence of a related case in the transferee forum is a powerful reason to grant a change of venue." *Blanning v. Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974) (granting transfer to district where related case was pending and citing numerous cases); *see also, e.g., Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir. 1968) (upholding court's transfer of case on its own initiative, where related cases were pending in transferee court); *General Tire & Rubber Co. v. Watkins,* 373 F.2d 361 (4th Cir. 1967) (granting writ of mandamus and overturning trial court's refusal to transfer, where transfer would avoid duplicative trials), *cert. denied,* 87 S.Ct. 1031, 386 U.S. 960 (1967); *Zoltar Satellite Sys., Inc. v. LG Electronics Mobile Communications Co.,* 402 F. Supp. 2d 731 (D.C. Tex. 2005) (granting transfer to forum where related case was pending).

In *Blanning*, a shareholder derivative action, defendants sought transfer from Pennsylvania to New York, where another action had been filed alleging similar violations of Securities and Exchange Commission rules and breach of fiduciary duty. The court granted the motion despite the great weight it accorded plaintiffs' choice of forum, and even though the convenience of witnesses and parties weighed against transfer, because it found transfer would serve the public interest in reducing court congestion and avoiding inconsistent results. *Blanning,* 378 F. Supp. at 1060–61 (citing *Schneider v. Sears*, 265 F. Supp. 257, 266–67 (S.D. N.Y. 1967)). The court also noted that if the two cases proceeded in the same district, they would be consolidated. *Blanning,* 378 F. Supp. at 1060–61 .

Similarly, in *Lexington v. Cheek & Zeehandelar, LLP,* No. 1:06cv2029, 2007 WL 593560, at *2 (D.C. Ohio Feb. 21, 2007), plaintiffs filed a class action against a law firm for deceptive debt collection practices. Shortly thereafter, other plaintiffs filed a class action against the same defendants for identical legal claims in a different federal district. Denial of transfer would have resulted in two separate actions by similar statewide classes against the same defendants alleging violation of the same statutes for similar conduct. *Id*. The court granted the motion to transfer, holding that to do otherwise would result in an "inefficient use of judicial resources" that could result in inconsistent rulings. *Id*.

As in *Blanning* and *Lexington*, transfer of this case to the Western District of Washington will further the interests of justice by reducing the multiplicity of litigation, conserving judicial resources, and avoiding inconsistent results. The classes in these two cases overlap, and they involve nearly identical allegations of improper dialing, from the same set of automatic dialers used by Capital One.

**CONCLUSION**

WHEREFORE, for the forgoing reasons, Plaintiff respectfully requests that the Court transfer this case to the Western District of Washington.

Respectfully submitted,

/s/Alexander H. Burke

BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com