IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN and DAVID MACK on behalf of themselves and others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | No: 1:11-cv-5886 |
| | ) | |
| v. | ) | Hon. Joan H. Lefkow |
| | ) | |
| LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA) N.A., | ) ) ) | Hon. Magistrate Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS

NOW COME defendants CAPITAL ONE BANK (USA), N.A. ("Capital One") and

LEADING EDGE RECOVERY SOLUTIONS, LLC ("Leading Edge"), by and through their

undersigned counsel, and jointly move to stay proceedings, including discovery, pending a

decision by the Judicial Panel on Multidistrict Litigation ("JPML") on Capital One Bank (USA),

N.A.'s Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings Under 28

U.S.C. § 1407.

In further support of its motion, Capital One states the following:

**I.      Introduction**

1.      Courts commonly enter brief stays of proceedings pending an MDL

determination, and a stay is necessary and appropriate in this case to conserve judicial and

private resources that will otherwise have to be spent as soon as next week in a presentment

hearing scheduled before Magistrate Judge Kim relating to discovery objections.

2.      Capital One filed a petition for MDL status on October 3, 2012, seeking coordinated treatment of 33 pending Telephone Consumer Protection Act ("TCPA") actions that are pending in eleven federal courts across the country. Capital One has asked the JPML to assign the MDL proceedings to this Court, but plaintiffs are opposing that assignment, as indicated by their recent motion to transfer this case to the Western District of Washington, and it is uncertain which court will be appointed. Pending the JPML's decision, Capital One is seeking stays of proceedings in all 33 cases to preserve judicial and private resources.

3.      A stay will meet the goals of MDL treatment and is appropriate in this case for several reasons. First, this Court can preserve scarce judicial resources by declining to address matters that may later be redone or undone in an MDL proceeding. Second, a stay will protect defendants Capital One and Leading Edge from having to spend their resources addressing duplicative matters that can be addressed more efficiently in the MDL, once for all cases. Finally, a brief stay will not prejudice the substantial rights of any plaintiff in this case. This case is relatively new, and there is no danger that memories will be degraded or evidence lost in the short time before MDL proceedings can begin.

4.      If the Court agrees that a brief stay is appropriate, defendants respectfully request that it enter a stay promptly. Both Capital One and Leading Edge have filed motions for protective orders against plaintiffs' discovery, and those motions are set for presentment to Magistrate Judge Kim at 11:00 a.m. on Thursday, October 11. Entering a stay in advance of that hearing will preserve both judicial and private resources, consistent with the purpose of the MDL mechanism.

## II.     Facts

5.      This is one of three pending putative class actions filed against Capital One in federal courts involving allegations under the TCPA. [1] Two of the pending putative class actions are in the Northern District of Illinois and one is in the Western District of Washington.[2] In addition, thirty individual actions alleging TCPA violations are pending in nine other federal district courts against Capital One. With the exception of one individual case, all of the putative class actions and individual actions were filed against Capital One within the past ten months.

6.      On October 3, 2012, Capital One moved to transfer these 33 "Scheduled Actions" into an MDL under 28 U.S.C. § 1407. *See* Ex. A. The Joint Panel on Multidistrict Litigation ("JPML") has recently held—twice—that petitions seeking to consolidate the same type of TCPA cases satisfied the MDL standard. *See In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011). Capital One expects that the MDL Motion will be heard by the JPML on November 29, 2012, in Dallas, Texas, and is in the process of filing motions to stay in each of the Scheduled Actions pending a decision by the JPML. Hunter Decl. ¶ 3.

_____

[1] Capital One was sued in a fourth putative class action asserting a nationwide class on August 7, 2012, in the Northern District of California. *Alarcon v. Capital One Bank (USA) N.A., et al.*, Civ. No. 3:12-cv-4145 (N.D. Cal.) The Plaintiff in *Alarcon* is a resident of California and pleaded no facts suggesting that jurisdiction would be proper elsewhere. But shortly after Capital One informed counsel in *Martin* that it intended to file this Petition to transfer all related cases to Judge Lefkow in the Northern District of Illinois—and the day Capital One's Answer was due (October 1, 2012)—the *Alarcon* plaintiff voluntarily dismissed this case without prejudice. Hunter Decl. ¶ 4. Counsel in *Amadeck* has since indicated to Capital One that it intends to seek leave to add the *Alarcon* plaintiff to this action, which would be consistent with *Martin*'s counsel's attempt to transfer to this jurisdiction and, presumably, to create a "critical mass" of class actions in this forum. Hunter Decl. ¶ 5.

[2] *See Amadeck, et al. v. Capital One Fin. Corp., et al.*, No. 2:12-cv-00244-RSL (W.D. Wash.); *Patterson v. Capital Mgmt. Servs., L.P., et al.*, No. 1:12-cv-01061 (N.D. Ill.)

7.      In its MDL petition, Capital One asked the JPML to assign the 33 Scheduled Actions to this Court for MDL proceedings. Ex. A at 2, 14-15. Of course, the JPML has the discretion to assign the Scheduled Actions to any judge or judges. 28 U.S.C. § 1407(b). Counsel for plaintiffs in this case has told Capital One that they intend to oppose Capital One's MDL petition. Hunter Decl. ¶ 2. They have also indicated that they do not want to litigate this case in this Court—whether as an individual case or as part of an MDL—by filing a motion to transfer to the Western District of Washington. Dkt. No. 107-08. It is possible that plaintiffs in the other 32 Scheduled Actions will also ask to have the MDL assigned to a different court.

8.      In this case, plaintiffs sued Leading Edge in August 2011, but did not add Capital One as a co-defendant until January 18, 2012—nearly five months later. Dkt. Nos. 1, 32. Capital One brought a motion to dismiss, which the Court denied on August 10, 2102. Dkt. No. 84.

9.      The three pending putative class actions are in the early stages of discovery. Hunter Decl. ¶ 6. No discovery motions have been filed or heard with regard to Capital One, other than preemptive motions for protective orders filed by defendants in this case, and no depositions have been taken. Hunter Decl. ¶ 7. Plaintiffs in this case have served written discovery and Capital One has provided answers and objections. Capital One and Leading Edge have both moved for protective orders, which will be presented to Magistrate Judge Kim on Thursday, October 10. Dkt. Nos. 102-104, 106. Capital One has not served written discovery in this case and plaintiffs have not produced any documents to Capital One. Hunter Decl. ¶ 8.

III.    **Argument**

10.     A district court has the inherent power to stay its proceedings. *Rivers v. Walt Disney, Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts often use this power to stay proceedings pending transfer decisions by the JPML. *See, e.g.*, *Ill. Mut. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir. 2004) (noting that "some district courts stay proceedings during the interim following a conditional transfer order"); *Rivers*, 980 F. Supp. at 1362 ("[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel.").

11.    Courts consider three factors in determining whether to stay proceedings pending JPML transfer decisions: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) if a stay would prejudice the non-moving party; and (3) any hardship and inequity to the moving party if the action is not stayed. *See Rivers*, 980 F. Supp. at 1360; *see also Bd. of Tr. Teachers' Ret. Sys. of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) (Gottschall, J.); *Terkel v. AT & T, Inc.*, Nos. 06 C 2837, 06 C 2680, 2006 WL 1663456, at *1 (N.D. Ill. June 9, 2006) (Kennelly, J.). Here, a stay best serves judicial interests of economy and efficiency by preventing unnecessary pretrial proceedings and minimizing the possibility of conflicting discovery and merits rulings.

**A.    Granting Capital One's motion to stay will conserve judicial resources.**

12.    A court considering whether to stay proceedings pending a decision by the JPML on a motion to transfer first looks to whether the stay will conserve judicial resources and serve the interests of judicial economy and efficiency. *See, e.g.*, *Rivers*, 980 F. Supp. at 1360. Courts place heavy weight on the concern for judicial efficiency when determining whether to stay proceedings pending JPML decisions. *See Rivers*, 980 F. Supp. at 1361 (motion to stay granted

because it furthers interests of judicial economy and efficiency); *WorldCom*, 244 F. Supp. 2d at 905 ("Judicial economy favors a stay.").

13.     If proceedings are not stayed pending the JPML's decision, this Court may expend judicial resources ruling on pretrial motions, including class certification, despite the significant possibility that this case, and others, will be transferred to this Court, or may be transferred to another court for consolidated proceedings, including ruling on class certification. *See, e.g.*, *In re Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 505 F. Supp. 2d 1377, 1378 (J.P.M.L. 2007) ("Centralization will . . . prevent inconsistent pretrial rulings, especially with respect to class certification . . . ."). After transfer, the transferee court may modify rulings made by the transferor judge. *See, e.g.*, *Rivers*, 980 F. Supp. at 1361 (noting that decisions regarding class "certification could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders"); *In re Exterior Siding & Aluminum Coil Litig.*, 538 F. Supp. 45, 47 (D. Minn. 1982) ("It is clear from [28 U.S.C. § 1407] itself that class certification determinations are to be resolved by the transferee court free from the influence of any initial determinations of transferor courts."); *In re Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 81 F.R.D. 482, 486-87 (E.D. Mich. 1979) (noting that transferee court may vacate or modify orders entered by transferor court).

14.     Capital One and Leading Edge currently have motions for protective orders pending related to discovery requests served by the plaintiffs, which are scheduled for presentment on October 10, 2012, before Magistrate Judge Kim. Dkt. Nos. 102, 105. Capital One and Leading Edge anticipate that without a stay, the Court will have to spend significant time and energy ruling on these motions and setting a discovery schedule, with no real benefit to plaintiffs. Plaintiffs' discovery requests, for which both defendants have sought protective

orders, are burdensome. The defendants maintain that such broad discovery is not necessary and that a process should be implemented to identify the information relevant to plaintiffs' claims, which may include a sampling process or other creative approaches. Dkt. Nos. 103, 105. Determining the best process for conducting discovery in the Scheduled Actions should be handled by the court the JPML assigns the MDL rather than by individual courts issuing rulings during the pendency of the MDL petition—which may be contradictory and which certainly will not use judicial resources efficiently.

15.     Briefly staying proceedings would avoid unnecessary action by this Court and would eliminate the possibility that inconsistent pretrial rulings will be issued in this and other jurisdictions before consolidation. Thus, to ensure judicial resources are used efficiently and economically, this Court should grant the defendants' motion to briefly stay proceedings, including discovery.

### B.     Plaintiffs will not be prejudiced by a brief stay of proceedings.

16.     A court examining a motion to stay proceedings also looks at whether a plaintiff will suffer prejudice from a brief stay pending a decision by the JPML. *See, e.g.*, *Rivers*, 980 F. Supp. at 1360. In general, a non-moving party will suffer "no meaningful prejudice," because "any delay caused by this stay will be of very short duration, and unlikely to cause the degradation of memories or the loss of material evidence." *Fuller v. Amerigas Propane, Inc.*, Nos. C09-2493, 09-2616, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009).

17.     That is true here. A decision by the JPML is likely to come within four months or less. Any alleged prejudice running from a brief delay in discovery pending the JPML's decision is minimal. *See, e.g.*, *Nielsen v. Merck & Co.*, No. C07-00076, 2007 WL 806510, at *2 (N.D. Cal. March 1, 2007) (concluding that deferring resolution of jurisdictional questions does not

harm nonmoving party as questions will be resolved after short delay pending JPML decision); *WorldCom*, 244 F. Supp. 2d at 906 ("[W]hile delay is always regrettable, the Funds fail to explain how delay in this case will substantially affect their rights."); *American Seafood, Inc., v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992) ("The plaintiffs will not be substantially prejudiced by staying this action pending the decision of the JPML.").

18.      In addition, any minimal prejudice resulting from a delay is greatly outweighed by the interests against costly duplicative discovery—which will be borne, in part, by the plaintiffs—and in favor of judicial economy, which are also the motivating factors for consolidating cases through multidistrict litigation. *See, e.g.*, *Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial to Defendant, there are still considerations of judicial economy that outweigh any prejudice to Defendant."); *American Seafood*, 1992 WL 102762, at *2 ("[A]ny prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants."); *see also In re Global Crossing Ltd. Sec. & "ERISA" Litig.*, 223 F. Supp. 2d 1384, 1385 (J.P.M.L. 2005) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.").

19.      Plaintiffs in this case concede that coordinated proceedings are the best route, having argued in their motion to transfer that transfer to the Western District of Washington would "further interests of justice by reducing the multiplicity of litigation, conserving judicial resources, and avoiding inconsistent results." Dkt. 107 at 6. Thus, the plaintiffs acknowledge that

they will not be prejudiced by coordinated proceedings, and thus, a brief delay before they are able to do so will not prejudice them.

### C. Capital One and Leading Edge will suffer hardship if this action is not stayed.

20.     Finally, a court deciding a motion to briefly stay a case pending a decision by the JPML on a motion to transfer looks to whether the moving party will suffer hardship if the action is not stayed. *See Rivers*, 980 F. Supp. at 1360. As courts have recognized, "litigating essentially the same claims in courts all over the country is no doubt burdensome." *WorldCom*, 244 F. Supp. 2d at 904 (granting motion to stay pending the JPML decision based in part on the similar claims nationwide).

21.     That very reason—the burden of continuing to litigate in numerous jurisdictions around the country—weighs in favor of a brief stay here. Without a stay, Capital One will likely face duplicative costs litigating discovery motions, negotiating with counsel, and responding to discovery over the next few months—duplication that is contrary to the purpose of the MDL mechanism. Capital One may also face contradictory discovery orders that ultimately are inconsistent with the view of the MDL court assigned.

22.     Capital One requested consolidated or coordinated pretrial proceedings in 33 actions alleging TCPA claims that it is currently defending, including three putative class actions. As courts have recognized, "there is some hardship associated with the effort required to conduct discovery in multiple cases that may be rendered pointless or redundant by the decision of the MDL panel." *Fuller*, 2009 WL 2390358, at *1; *see also Nielsen*, 2007 WL 806510, at *2 ("[Defendant] would suffer prejudice from being forced to litigate the same . . . issues in multiple forums.").

## IV.     CONCLUSION

33.     A stay of proceedings, pending a decision by the JPML on Capital One's MDL Motion, will conserve judicial resources and will not prejudice the plaintiffs, who will be able to pursue discovery upon a decision by the JPML in only a few months. Capital One will be harmed if a brief stay is not granted, as it will have to continue to engage in duplicative discovery and pretrial proceedings, which defeats the purpose of the Proposed MDL.

WHEREFORE, for the above reasons, defendants Capital One and Leading Edge respectfully request that this Court stay proceedings, including discovery, while Capital One Bank (USA), N.A.'s Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407 is pending before the Joint Panel on Multidistrict Litigation.

Date: October 5, 2012                                    Respectfully submitted,

LEADING EDGE RECOVERY                     CAPITAL ONE BANK (USA), N.A.
SOLUTIONS, LLC


/s/ *James C. Vlahakis* (with consent)          /s/ *Ernest Summers III*
James C. Vlahakis                                        Aaron D. Van Oort (MN No. 315539)
Hinshaw & Culbertson LLP                          Eileen M. Hunter (MN No. 0336336)
222 N. LaSalle, Suite 300                             Erin L. Hoffman (MN No. 0387835)
Chicago, IL 60601                                        Faegre Baker Daniels LLP
312-704-3000                                               2200 Wells Fargo Center
jvlahakis@hinshawlaw.com                          90 South Seventh Street
                                                                  Minneapolis, MN 55402
                                                                  Tel.:    (612) 766-7000
                                                                  Fax:    (612) 766-1600
                                                                  aaron.vanoort@FaegreBD.com
                                                                  eileen.hunter@FaegreBD.com
                                                                  erin.hoffman@FaegreBD.com

                                                                  Ernest Summers (No. 3126432)
                                                                  Trina K. Taylor (No. 6297760)
                                                                  Faegre Baker Daniels LLP
                                                                  311 South Wacker Drive
                                                                  Suite 4400
                                                                  Chicago, Illinois 60606
                                                                  Tel.:    (312) 212-6500
                                                                  Tax:    (312) 212-6501
                                                                  ernie.summers@FaegreBD.com

trina.taylor@FaegreBD.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

_____/s/ Ernest Summers III_____

FB_US 9241654v5

11